### GRACIE v. AMERICAN SECURITY & TRUST CO. et al.

(Court of Appeals of District of Columbia. Submitted November 10, 1921. Decided December 5, 1921. Supplemental Opinion December 20, 1921.)

#### No. 3503.

1. **Wills ⟸248—Probate jurisdiction governed by local law.**

   The probate of wills is controlled entirely by local law, so that the District Code alone determines whether the equity branch of the Supreme Court has jurisdiction to establish a lost will.

2. **Courts ⟸472(4)—Jurisdiction of probate court to establish lost will is exclusive.**

   Under Code of Law 1901, §§ 116, 117, 119, 135, 136, relating to probate of wills, the jurisdiction of the probate court, which is a special term of the Supreme Court, over probate matters is exclusive, and the equity branch of the Supreme Court has no jurisdiction over a cross-bill seeking to establish a lost will.

#### Supplemental Opinion.

3. **Courts ⟸483—Cross-bill to establish lost will transferred to probate court.**

   A cross-bill filed in a suit in equity in the Supreme Court, praying for the establishment of a lost will, should be transferred to the probate court under Code of Law 1901, § 1535b, as added by Act April 19, 1920, and not dismissed.

Appeal from the Supreme Court of the District of Columbia.

Interpleader by the American Security & Trust Company against Constance Schack Gracie and Dunbar B. Adams and others, in which Constance Schack Gracie filed a cross-bill, asking, among other things, for the probate of a lost will. From a decree dismissing the cross-bill, in so far as it sought the probate, the cross-complainant appeals. Decree affirmed, in so far as it held the court was without jurisdiction over the probate, and the court below directed to transfer that aspect of the cross-bill to the probate court.

Hannis Taylor and Hannis Taylor, Jr., both of Washington, D. C., for appellant.

A. A. Hoehling, Jr., S. C. Peelle, C. F. R. Ogilby, and Enoch A. Chase, all of Washington, D. C., for appellees.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District dismissing appellant's cross-bill, seeking, inter alia, to establish an alleged lost will of personal property.

Edith Temple Gracie Adams, over whose estate this litigation arose, died in the city of New York on December 31, 1918. On February 26, 1919, letters of administration upon her estate were granted in New York to Dunbar B. Adams, her surviving husband, and in May following ancillary letters of administration were granted him by the Supreme Court of this District, holding probate court. Inasmuch as the major part of decedent's estate in this jurisdiction was in a safe deposit vault of the American Security & Trust Company, counsel for Mrs. Constance Schack Gracie, mother of Mrs. Adams, notified the Trust Company that Mrs. Gracie claimed the estate. Thereupon the Trust Company filed a bill of interpleader in the Supreme Court, naming Mr. Adams and Mrs. Gracie defendants. Separate answers were filed by the parties, and Mrs. Gracie also filed a cross-bill, in which she averred, upon information and belief, that her daughter, Mrs. Adams, shortly before her death, "executed, before two witnesses and according to law, her last will and testament, devising and bequeathing to the plaintiff in this cross-bill, as her sole devisee, her entire estate, wherever situated, excepting only a few jewels or trinkets to a friend." In the prayers of this cross-bill, the court was asked, after proof of its execution and contents by secondary evidence, to "set up, establish, probate, and enforce said last will by all proper decrees according to the rules which regulate the jurisdiction of a court of equity."

The court sustained a motion by the appellee Adams to dismiss this aspect of the cross-bill, upon the ground that a court of equity in this jurisdiction has no power to set up a lost will of personalty. Other questions were raised by the cross-bill, but, owing to the view we take of the main question, it is unnecessary to consider them at this time.

[1] The probate of wills is controlled entirely by local law, "for it is that law which confers the power to make a will, and prescribes the conditions upon which alone they may take effect; and as, by the law in almost all the states, no instrument can be effective as a will until proved, no rights in relation to it, capable of being contested between

parties, can arise until preliminary probate has first been made." Ellis v. Davis, 109 U. S. 485, 497, 3 Sup. Ct. 327, 27 L. Ed. 1006. It becomes apparent, therefore, that the provisions of our local law, as set forth in the District Code, must control the question whether the equity branch of the Supreme Court has any jurisdiction to establish a lost will relating to personal property.

Our probate court is a branch of the Supreme Court, and its powers are fully set forth in the Code. Section 116 prescribes that a special term of the Supreme Court shall be known as the probate court, and that the justice holding this court shall have and exercise all the powers and the jurisdiction held and exercised by the orphans' court of Washington county, District of Columbia, prior to June 21, 1870. In section 117 it is provided that, in addition to the jurisdiction conferred in section 116, "plenary jurisdiction is hereby given to the said court holding the said special term to hear and determine all questions relating to the execution and to the validity of any and all wills devising any real estate within the District of Columbia, and of any and all wills and testaments properly presented for probate therein, and to admit the same to probate and record in said special term; and neither the execution nor the validity of any such will or testament so admitted to probate * * * shall be impeached or examined collaterally, but the same shall be in all respects and as to all persons res judicata, subject, nevertheless, to the provisions hereinafter contained." Section 119 empowers the probate court "to take the proof of wills of either personal or real estate and admit the same to probate and record, and for cause to revoke the probate thereof; to grant and, for any of the causes hereinafter mentioned, to revoke letters testamentary, letters of administration," etc. In section 135 there is a proviso "that in no case shall any will or testament be admitted to probate and record save upon formal proof of its proper execution," and section 136 and following sections prescribe the procedure to be followed in event of a contest.

[2] It thus appears that our probate court has been clothed with full and complete jurisdiction to take proof of wills of either personal or real estate, and to admit the same to probate and record. That it was the intent of Congress to make this jurisdiction exclusive is too plain to admit of serious doubt. When we come to consider that this probate court is a branch of the Supreme Court, and possesses all necessary power in the premises, it becomes apparent that there is every reason for assuming that Congress, having established this special court for this special purpose, intended its jurisdiction to be exclusive. This question was quite fully considered in Fitzgerald v. Wynne, 1 App. D. C. 107. There land had been conveyed in trust for a Mrs. Keenan, the trustee to convey as she might direct in any instrument of writing in shape of a last will or testament, and, in the absence of such instrument, to her heirs at law. Some years after Mrs. Keenan's death her next of kin filed a bill to compel the trustee to execute the power of conveyance to them. Her husband, who had been receiving the rents and profits from the estate, interposed an answer in which he attempted to set up a lost will. The court said:

277 F.—35

"The fact that the will had been illegally destroyed or lost did not, by any means, preclude the beneficiaries thereunder from taking proceedings and having the will established and admitted to probate, on due proof. Sugden v. Lord St. Leonards, 1 Prob. Div. 154. But such proceedings should have been taken as preliminary to setting up the will as the foundation of a right or claim to an estate in a litigation inter partes. * * * This, as we have seen, is not a proceeding for the establishment of the will. If Mrs. Keenan made a will and left it uncanceled and unrevoked, and the party claiming under it intended to make it a muniment of title and a medium of evidence, he should, by petition, have invoked the probate jurisdiction of the Supreme Court of this District, and offered to prove the due execution and contents of the alleged destroyed will, and have the same, upon proof, admitted to probate."

Being clearly of the view that the jurisdiction of the probate court in this case is exclusive, it follows that we must affirm the decree.

Decree dismissing cross-bill affirmed, with costs.

### Supplemental Opinion.

[3] Appellant has filed a motion for rehearing, and has suggested, for the first time, that "it was manifestly the duty of this court, not to affirm the dismissal of the first aspect of the cross-bill, but to transfer the trial of that issue presented by it to the probate court, under the terms of the statute approved April 19, 1920 (41 Stat. 555), and now known as section 1535b of the District Code."

In conformity with this suggestion, the decree below will be affirmed, with costs, in so far as it holds that the equity court is without jurisdiction to set up a lost will as to personalty, and the court below is directed to transfer this aspect of appellant's cross-bill to the probate court on appellant's application, if made within 20 days from the going down of the mandate.