**KASHOUTY v. DEEP et al.**

No. 7856.

United States Court of Appeals for the District of Columbia.

Argued Dec. 3, 1941.

Decided March 2, 1942.

¹ Cf. Madre v. Gaskins, 39 App.D.C. 19; Gibson v. Collins, 55 App.D.C. 262, 4 F.2d 874.

Mr. Alexander M. Heron, of Washington, D. C., with whom Messrs. Bynum E. Hinton and William L. Owen, both of Washington, D. C., were on the brief, for appellant.

Mr. Albert F. Adams, of Washington, D. C., with whom Messrs. Walter M. Bastian and Joseph S. Sado, both of Washington, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal from a judgment which avoids a deed of real property. The suit was brought by the appellees, who were heirs of the grantor, Fannie Deep, deceased, and were also the chief beneficiaries of her will. The defendant, appellant Kashouty, a nephew of Mrs. Deep, was the grantee in the deed. The trial court found that he procured the deed by undue influence.

The majority of the court think the evidence shows, not undue influence, but merely that the deceased was an elderly woman, who lived in appellant's home, and that appellant and his family were kind to her.¹ However that may be, we must reverse, since the complaint shows that the deceased left a will which has been filed with the Register of Wills, though not yet proved, and which, unless invalid, requires the presence of the named executor as a plaintiff in this suit. The District Code provides: "Executors and administrators shall have full power and authority to commence and prosecute any personal action at law or in equity which the testator or intestate might have commenced and prosecuted, except actions for injuries to the person or to the reputation * * *."² If the deed was procured by undue influence, and the deceased left a valid will, her executor has a right to avoid it. Moreover, the will directs the executor to sell the real property and distribute the proceeds, together with the personal property. Such a will amounts to a devise of real property, as well as a bequest of personal property, to

² D.C.Code (1940), § 20-501. Cf. § 20-310.

the executor, with the result that nothing descends to the heirs or next of kin.[3] We cannot presume that the will is invalid. Until it is proved to be so, in proceedings brought for that purpose in accordance with the statute, the heirs and next of kin have no standing to maintain this suit.

Reversed.

[3] Griffith v. Stewart, 31 App.D.C. 29, 34, affirmed Stewart v. Griffith, 217 U.S. 323, 332, 30 S.Ct. 528, 54 L.Ed. 782, 19 Ann.Cas. 639. Cf. D.C.Code (1940), § 12-101.