## NORRIS et al. v. HARRISON.

### No. 11056.

United States Court of Appeals District of Columbia Circuit.

Argued March 19, 1952.

Decided June 26, 1952.

Messrs. Patrick J. Taft and Lester Wood, Washington, D. C., for appellants.

Mr. George E. C. Hayes, Washington, D. C., with whom Messrs. James A. Cobb and Julian R. Dugas, Washington, D. C., were on the brief, for appellee.

Before CLARK, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

The appellants filed an action in the District Court against Alice Adams Harrison, appellee, to annul her marriage to Harry Harrison, deceased, and to set aside his conveyance to her, subsequent to their marriage, of an interest in real estate. After trial the District Court dismissed the complaint on the merits, holding that appellants had failed to show fraud or misrepresentation in connection with either the marriage or the conveyance, each of which was left undisturbed.

We agree with the court below that the complaint should have been dismissed but we do not reach the merits be-

cause in our view appellants lack standing to maintain the action.[1] They are step-grandchildren of the decedent and as such of course do not have standing to contest his marriage considered alone. As to the validity of the conveyance, considered either alone or as it might be affected by the status of the marriage, appellants also lack standing to attack it unless they would take some interest in the real estate as a result of a setting aside of the conveyance. The right to have a deed of a decedent voided accrues to one who would take the property upon the granting of the relief sought, Thomas v. Doyle, 1950, 88 U.S.App.D.C. 95, 187 F.2d 207, either under a will or by virtue of the laws of descent, Ramsey v. Curtis, 1950, 86 U.S.App.D.C. 386, 182 F.2d 687.

Since appellants are not heirs at law of the deceased grantor they would not take by descent should his deed be set aside. Their claim rests upon his unprobated will by the terms of which the real estate is devised to them. Accordingly, if the will were probated they could sue to void the conveyance because they would take the interest conveyed should they succeed in such a suit. Thomas v. Doyle, supra; see, also, Ramsey v. Curtis, supra. Probate might permit them also to attack the marriage, along with the conveyance, if dower rights were involved. But we need not decide this. The fact is the will has not been admitted to probate and so a right in appellants as testamentary beneficiaries to maintain the action has not accrued through the will.[2]

At least since 1898, under provisions which in their present form appear as § 19–313 of the D.C. Code of 1940, a will of real estate may be offered for probate, and probate, has been essential to enable such a will to be evidence of title. McGowan v. Elroy, 1906, 28 App.D.C. 188; Gracie v. American Security & Trust Co., 1921, 51 App.D.C. 141, 277 F. 543. In Ellis v. Davis, 1883, 109 U.S. 485, 495–496, 3 S. Ct. 327, 333, 27 L.Ed. 1006, which arose under Louisiana law but which laid down principles applicable as well today in this jurisdiction, the Supreme Court said that the extension of probate jurisdiction over wills of lands was accompanied by almost universal recognition "that no will could have effect, for any purpose, until admitted to probate and record by the local authority * * *." The case is cited with approval in Farrell v. O'Brien, 1905, 199 U.S. 89 at page 107, 25 S.Ct. 727, 50 L.Ed. 101.

The appellants therefore could not take the real estate, even if the conveyance and marriage were voided, unless and until admission of the will to probate. They are not heirs at law and the will under which they claim has not been probated. A necessary prerequisite to their invocation of judicial action to accomplish the ends they seek is lacking.[3]

1. The District Court expressed grave doubts as to their standing, but the decision, as stated, was on the merits.

2. Compare Kashouty v. Deep, 1942, 75 U.S.App.D.C. 259, 126 F.2d 233, where there was a devise of real property to a named executor. It was held, citing § 20–501, D.C.Code (1940), that he, rather than the heirs or next of kin, was the one to bring a suit to set aside testator's deed alleged to have been procured by undue influence. The case supports the view that such named executor had standing to bring such a suit though the will naming him as executor, while it had been filed with the Register of Wills, had not been proved. Our reasoning in the case at bar is inconsistent with that view, but the precise question decided in the Kashouty case is not before us.

3. None of the appellants is suing as executor or administrator. For this reason we do not consider the applicability of 20–501, D.C.Code (1940, Supp. VII), which authorizes executors and administrators in certain circumstances to sue where decedent might have done so, or § 12–403, or § 20–310, the latter dealing with the power to collect and preserve the estate. § 12–101, D.C.Code (1940, Supp. VII), which authorizes a right of action in favor of or against the legal representative of a decedent, does not give appellant standing. Though legal representative "does not possess a fixed and narrow meaning in the law," Thomas v. Doyle, supra. (88 U.S.App.D.C. 95, 187 F.2d 209), appellants could come within it, under the facts of this case, only as beneficiaries under the will, and their rights as such do not ripen into legally protectable interests until probate is had.

Our decision, like that of the court below, is that the complaint should be dismissed, but since we do not reach the merits we think the better practice is to remand the case to permit the judgment on the merits to be vacated so that judgment may be entered dismissing the complaint because of lack of capacity in the plaintiffs to maintain the action. This procedure conforms with that followed in Gnerich v. Rutter, 1924, 265 U.S. 388, 393, 44 S.Ct. 532, 68 L.Ed. 1068, where, in somewhat analogous circumstances, a decree on the merits which had resulted in a dismissal of the bill of complaint was reversed with directions to dismiss for want of a necessary party.

Reversed and remanded with directions to dismiss the complaint because of lack of standing of plaintiffs to maintain the action.