ATTORNEY'S FEES. See Case No. 18,290.

# B.

## Case No. 18,228.
### BALDWIN et al. v. WYLIE.
[2 Hayw. & H. 126.] [1]
Circuit Court, District of Columbia. Oct. 1, 1853.

WILLS — PROBATE — EXECUTORS — POWER OF ATTORNEY — APPEARANCE OF ATTORNEY AS EVIDENCE OF HIS AUTHORITY.

1. In order to make a will effective it must first receive the probate of the proper court.

2. Where the executrix in a will gives a power of attorney to receive and control any fund of the estate in her individual name, as widow, and not as executrix and guardian, such power is without authority.

3. The appearance of an attorney in a cause is received as evidence of his authority, and no additional evidence is required.

Appeal from orphans' court.

This is a petition of Robert Baldwin, Mary Baldwin Davis, John Baldwin, James W. Davis and Amanda B. Davis, his wife, surviving children of Robert Baldwin, deceased, and of the children of James P. Baldwin and Julia A. B. Baird, both deceased; that Samuel Baldwin was also the child of Robert Baldwin, deceased; that at his death he left no father or

---

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

mother; that the above named children were his brothers and sisters of the whole blood, and as such, with the children of those alleged to be dead, are entitled by law as such and as next of kin to the succession and entire personal estate of which said Samuel Baldwin was possessed at the time of his death. That his domicile was in Pennsylvania. That while he resided in Mexico he suffered from the hands of the officers and citizens of Mexico to such an extent as to cause his premature death. That by the treaty of peace, dated February 2, 1848 [9 Stat. 922], the United States exonerated Mexico from any liability for the payment of claims made by the citizens of the United States, and assumed payment thereof. That a person calling herself Clotildo Pellet Story Baldwin announced the death of said Samuel Baldwin and averred that she is his widow. That the board of commissions created under act of congress, March 3, 1849 [9 Stat. 393], being ready to receive memorials, setting forth the claims of the citizens of the United States, and the said Samuel Baldwin having died as was believed intestate, John Baldwin, brother of said Samuel, petitioned that letters of administration be issued to Andrew Wylie, which petition was granted. That the claim against Mexico was estimated at the

nominal value of $500. The administrator gave bond in the sum of $1,000. That the said administrator afterwards estimated the claim at $150,000, and presented an inventory and appraisement of the estate of the deceased. The judge of the orphans' court, upon seeing the document, ordered a rule on said Andrew Wylie, administrator, to show cause why his administration bond should not be increased. That an award had been made in favor of said Wylie, as administrator, of the sum of $75,000. In answer to the rule he alleged that he had paid for fees, &c., $12,575; that the administrator had paid over to a certain Peter Hargons, of New York, and had taken from said Hargons and a person called Peter Goix, of Vera Cruz, in Mexico, a bond in the penalty of $62,000, to indemnify said Andrew Wylie, Jr., for making the payment of $62,425, neither of whom resided within the jurisdiction of the court. ' That said Clotildo executed a full power of attorney to said Peter Goix; that he, the said Peter Goix, under a power of substitution contained in the power of attorney, to him executed a power of attorney to Messrs. Hargons & Bros., under which last power of attorney the said Wylie paid over to Peter Hargons the sum of $62,425, and took from him the above bond of indemnity; this on the same day on which he made a return to the rule to show cause, &c. Among the papers filed with the return was what purported to be a copy and translation of the entry of marriage of said Samuel Baldwin with said Clotildo Pellet Story, and also what purported to be the last will and testament of said Samuel Baldwin. That if the said will be genuine then the acts of said administrator are null and void, and that a deliberate and substantial fraud has been perpetrated. Citation was issued as prayed against Andrew Wylie. The following answer was made to the citation:

"The above named defendant. Andrew Wylie, represents to the honorable, the judge of the orphans' court, that the parties named in said bill are non-residents of this District, and therefore prays that they be required to give security for costs, or that the bill be dismissed. He further states that he has good reason to believe that this suit has been instituted without authority from some at least of said parties, and therefore prays that said Richard S. Coxe be required to show by what authority he has brought said suit."

The following is the answer of the attorney:

"To the Honorable, the Judge of the Orphans' Court, for the County of Washington. The undersigned has been served with a citation from your honorable court, calling upon him to show by what authority he has filed a certain petition in said court, calling upon Andrew Wylie to do certain things in said petition mentioned. The undersigned, except for the respect he owes to the court, might pass this citation by without notice, as unauthorized by law and without any sanction in the usage and practice of this or any other court. Having appeared and practiced in this court for nearly thirty years, he can say with confidence that no instance can be found of a citation addressed personally to an attorney, calling upon him personally to answer as such, has ever been issued from said court, nor can an instance be found in which an attorney has been required to exhibit any authority from his clients, empowering him to act for them and in their names. Within a brief period this same Wylie made a similar application to the circuit court, to require the same party to exhibit a power of attorney, to authorize him to appear in a case then pending, and received for answer, that no attorney of that court ever has been, or could be, required to exhibit his authority. Indeed, unless on the complaint of a party who alleged that an attorney has, without the sanction of the party for whom he professed to act, appears for him, no such exhibition of a power is ever required. Even in courts where a form of a power of attorney is in use, every member of the profession knows that it is a mere form appended to the pleadings, the want of which is wholly immaterial. The answer therefore which the undersigned makes to this irregular and unprecedented call upon him, is that he is a regularly admitted attorney and counsellor at law, and that this is the authority under and by which he acts, and filed the petition; that it is the same authority under which he has been recognized as empowered to appear and act for his clients in the supreme court, circuit court, and criminal court and orphans' court, and which no one has a right to question or gainsay. Out of respect to your honor, who it is supposed has inadvertently been induced to issue this citation, the undersigned would respectfully call your attention to the language of the supreme court, in the great case of Osborn v. Bank of U. S., 9 Wheat. [22 U. S.] 829, wherewith some appearance of plausibility of similar objections had been started. Chief Justice Marshall delivered the opinion of the court, then says, after speaking of attorneys, in fact: 'The case of an attorney at law—an attorney for the purpose of representing another in court and prosecuting or defending a suit in his name—is somewhat different. The power must indeed exist, but its production has not been considered as indispensable. Certain gentlemen, first licensed by government, are admitted by order of court to stand at the bar, with a general capacity to represent all suitors in the court. The appearance of any one of these gentlemen in a case has always been received as evidence of his authority, and no additional evidence, so far as we are informed, has ever been required. This practice, we believe, has existed from the first establishment of our courts, and no departure from it has been made in those of any state, or of the Union.' The respondent therefore prays that he be hence dismissed with his costs.  Richard S. Coxe."

Ordered that the petition of Andrew Wylie in this case be dismissed with costs.

The answer of the administrator represents

that the bill or petition is not sustained by the affidavit of any one of the petitioners, or any other party in their behalf, and prays that he be excused from answering the same until the same is sworn to, as required by law. The petition and prayer of administrator is overruled and dismissed, and he is required to answer. The respondent, Andrew Wylie, Jr., answered and filed the documentary evidence in answer to the allegations in the bill, and denies that a deliberate and substantial fraud has been perpetrated.

The following is the decision and decree of [Wm. F. Purcell] the judge of the orphans' court:

"Andrew Wylie, administrator of Samuel Baldwin, deceased, who died in Mexico, was appointed administrator on the estate of said Samuel Baldwin on the 11th day of August, 1849, at the request of John Baldwin, and gave bond in the sum of $1,000, with the understanding that said bond should be enlarged if the amount to be received from the treasury of the United States require it. It was made known to the court in 1851, on the 19th of April, that said administrator has or was about to receive the sum of $75,000 belonging to the estate of said Samuel Baldwin, and in discharge of its duties a citation was issued and served on said administrator, to show cause why his said bond should not be increased, and in obedience to said citation, on the 24th of May, 1851, he came into court, and filed a paper purporting to be the last will and testament of said Samuel Baldwin, deceased, as well as a power of attorney from Clotildo Pellet Story Baldwin, as widow of Samuel Baldwin; gave to Peter Goix, who subsequently appointed Peter Hargons, of New York, to receive for her. The said will purporting to appoint his wife executrix and guardian of his children; said administrator acknowledged the receipt of $75,000, and filed a bond of said Peter Hargons for $62,000, in which it seems that the said Hargons acknowledged the receipt of the same and agreed to the said charges of said Wylie, &c.; reference is here had to all of said papers. The court, on the said 24th of May, 1851, upon the filing of said papers, there being no objection from any source, discharged said rule and ratified what had been done by said administrator in paying over said money to said Hargons, although the sanction of the court had not been previously asked or obtained. On the 29th of May last past Robert Baldwin and others, claiming to be next of kin of said Samuel Baldwin, filed their petition, which may be called a bill of review, and prayed that the decree rendered on the 24th of May, 1851, be set aside, and such other and further relief be granted as deemed equitable in the premises.

"This court, having had the cause under consideration for several days, as well as the advantage of able counsel on both sides and authorities referred to, doth decree that said decree of the 24th of May, 1851, be set aside. That the will purporting to be the last will and testament of said Samuel Baldwin, executed in Mexico, cannot have the effect of a will to control the money in question until it has received the probate of the proper court in this county and district. See Armstrong v. Lear, 12 Wheat. [25 U. S.] 176. And if the will had been duly proved before this court and recorded, Hargons' power of attorney could not give him authority to receive and control the said fund, because, by a minute inspection of the said power, it is clear that she executed it as widow of Samuel Baldwin, and not as executrix and guardian. She makes no mention in the power to the will. The widow and other parties claiming will be allowed a reasonable time to make perfect their pretensions to said money in question. But the administrator in the meantime must give a bond, with sureties, as the law directs, in the sum of $100,000, to be approved by this court, within eight days from this, to hold said money subject to the future order of this court, it being acknowledged by said administrator that said Hargons has not paid said sum over to said widow."

To which decree the administrator, Andrew Wylie, appealed.

Richard S. Coxe, for heirs.

Andrew Wylie, in pro. per.

Before CRANCH, Chief Judge, and MORSELL and DUNLOP, Circuit Judges.

PER CURIAM. Decree of orphans' court affirmed and ordered to be certified to the orphans' court.