## CUNNINGHAM v. RODGERS et al.

(Court of Appeals of District of Columbia. Submitted November 3, 1919. Decided March 1, 1920.)

No. 3185.

1. **Common law ⬅➡11—Prevails in District of Columbia.**

   The common law prevails in the District of Columbia.

2. **Descent and distribution ⬅➡76—No title to personalty vests in next of kin immediately on death.**

   Real estate descends to the heirs on the death of the ancestor, and personalty to the administrator, and no title to personalty vests in the next of kin on the death of the ancestor; but it remains in abeyance until the appointment of an administrator, in whom it then vests.

3. **Descent and distribution ⬅➡91(1)—Only personal representative can sue at law for recovery of personalty.**

   Since title to personalty of an intestate is in the administrator, he alone can bring an action at law for its recovery, or to collect debts due his intestate, and he alone can sue for any injury to the personal property of his intestate after the decedent's death and before the final disposition to the parties entitled.

4. **Descent and distribution ⬅➡91(1)—Administrator alone may sue on bond of consul failing to perform duties as to personalty of estate.**

   Under Rev. St. §§ 1697, 1709 (Comp. St. §§ 3149, 3162), next of kin, as owner of a distributive share in an estate of an intestate dying in a foreign country, cannot sue on the bond of a consul failing to perform the duties imposed by the latter section concerning personalty, as the administrator of the intestate would be the legal claimant, and he alone would be entitled to receive the fund from the treasury of the United States after transmission there by the consul.

5. **Descent and distribution ⬅➡89—Next of kin cannot sue one as executor de son tort.**

   Next of kin cannot maintain an action to charge one as an executor de son tort.

Appeal from the Supreme Court of the District of Columbia.

Action by Edward R. Cunningham against James Linn Rodgers and others. From an order sustaining a demurrer, and dismissing the action, plaintiff appeals. Affirmed.

Clinton Robb, Geo. F. Curtis, and L. J. Mather, all of Washington, D. C., for appellant.

W. C. Carpenter, of Washington, D. C., for appellees.

BAILEY, Associate Justice (sitting in place of Associate Justice Robb). Appellant, Edward R. Cunningham, plaintiff below, brought his action at law against the defendants, who are the principals and sureties on a consular bond, to recover the penalty of such bond, $8,-000. The defendant Rodgers, the principal on the bond, alone was served with process. Plaintiff's declaration sounds in debt, and is in three counts. To this a demurrer was interposed by the defendant Rodgers, which was sustained by the lower court, and from the order sustaining the demurrer, and dismissing the action, the plaintiff has appealed.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The defendant was the consul general of the United States at Shanghai, China. On June 10, 1905, one Henry H. Cunningham died in Shanghai, leaving no wife, and no heirs or next of kin in China, but leaving a brother, the plaintiff, a resident of the District of Columbia, and another brother and two sisters, residing in Maine, where, the declaration avers, the deceased was legally domiciled at the time of his death. A paper writing purporting to be the will of the deceased was produced before the defendant consul by the person nominated as executor therein, one Dunning, and this paper the consul admitted to probate, and issued letters testamentary to Dunning. Thereupon, under the direction of the defendant, the estate was administered, and the property, including the real estate, distributed according to the terms of the alleged will. The declaration avers that this will was not valid under the laws of Maine, the testator's domicile, having only two witnesses, while the laws of that state require three witnesses; that the defendant consul had no jurisdiction to admit the will to probate nor to administer on the estate, but that it was his duty, immediately after the death of Henry H. Cunningham, for the information of the representatives of the deceased, to notify his death in one of the gazettes published in the consulate, and also to the Secretary of State, and to send to the Secretary of State an inventory of the deceased's effects, and to transmit the decedent's estate to the treasury of the United States, after payment of debts (which was not done), unless the legal representative of the deceased, duly qualified before a court of proper and competent jurisdiction in the United States, had appeared and proven his right to have the estate turned over to him, but that Dunning had never so qualified. The plaintiff received no part of the estate, although he claims that the deceased died intestate, and that he, as one of the next of kin, was entitled to a one-fourth distributive share, the same amounting to more than $8,000, the penalty of the consular bond.

The plaintiff relies for his relief upon section 1709 of the Revised Statutes (Comp. St. § 3162). This section is as follows:

"It shall be the duty of consuls and vice consuls, where the laws of the country permit:

"First. To take possession of the personal estate left by any citizen of the United States, other than seamen belonging to any vessel, who shall die within their consulate, leaving there no legal representative, partner in trade, or trustee by him appointed to take care of his effects.

"Second. To inventory the same with the assistance of two merchants of the United States, or, for want of them, of any others at their choice.

"Third. To collect the debts due the deceased in the country where he died, and pay the debts due from his estate which he shall have there contracted.

"Fourth. To sell at auction, after reasonable public notice, such part of the estate as shall be of a perishable nature, and such further part, if any, as shall be necessary for the payment of his debts, and, at the expiration of one year from his decease, the residue.

"Fifth. To transmit the balance of the estate to the treasury of the United States, to be holden in trust for the legal claimant, except that if at any time before such transmission the legal representative of the deceased shall appear and demand his effects in their hands they shall deliver them up, being paid their fees, and shall cease their proceedings."

The first question presented is whether the plaintiff has any right of action on this bond, or whether such right is in the personal representative of the deceased alone. It is true that section 1697 of the

Revised Statutes (Comp. St. § 3149) provides that in case of the breach of an official bond, such as the one sued on here, "any person thereby injured may institute, in his own name and for his sole use, a suit on such bond"; but this merely obviates the necessity of bringing suit in the name of the United States for the use of the person injured, and has no bearing on this question.

[1, 2] At the common law (which prevails in the District of Columbia) real estate descends to the heir upon the death of the ancestor, and personalty to the administrator. No title to personalty vests in the next of kin upon the death of the ancestor, but it remains in abeyance until the appointment of an administrator, in whom it then vests. 1 Woerner on Adm. §§ 185, 187, 199, 202.

[3] The title to the personalty, therefore, being in the administrator, he alone can bring an action at law for its recovery, or to collect debts due his intestate, and he alone can sue for any injury to the personal property of his intestate after the decedent's death and before the final disposition to the parties entitled. Id. §§ 303, 293; Holbrook v. White, 13 Wend. (N. Y.) 591; Hutchins v. Adams, 3 Me. (3 Greenl.) 174; McBride v. Vance, 73 Ohio St. 258, 76 N. E. 938, 112 Am. St. Rep. 723, and notes 4 Ann. Cas. 191.

[4] This is an action at law, and it results, therefore, that it cannot be maintained by the plaintiff as owner of a distributive share in the estate, nor for any injury to or conversion of such interest.

Under paragraph fifth of R. S. § 1709 (Comp. St. § 3162), it is provided that it is the duty of the consul "to transmit the balance of the estate to the treasury of the United States, to be holden in trust for the legal claimant," etc. The legal claimant is clearly the personal representative and such has been the construction placed upon this section by the Treasury Department. 11 Comptroller's Dec. 713; 12 Comptroller's Dec. 439.

If, therefore, the consul had performed the duties which the plaintiff claims it was incumbent upon him to perform, the administrator would be the legal claimant, and he alone would have been entitled "to receive the fund from the treasury."

[5] The declaration is not framed so as to charge the defendant as an executor de son tort, nor could such an action be maintained by the next of kin. 2 Woerner on Adm. § 193; Lee v. Wright, 1 Rawle (Pa.) 149; Muir v. Watts Orphan House, 3 Barb. Ch. (N. Y.) 477; Leach v. Pillsbury, 15 N. H. 137.

As to the disposition of the real estate, it is sufficient to say that no action of the defendant can prevent the plaintiff from establishing his just rights in the proper forum, as the land cannot have been dissipated by the defendant.

In no aspect of the case, therefore, can the plaintiff maintain this action. The action of the Supreme Court of the District of Columbia in sustaining the demurrer and dismissing the suit was correct, and the judgment of said court will be affirmed, with costs.

Associate Justice BAILEY, of the Supreme Court of the District of Columbia, sat in the place of Associate Justice ROBB, who took no part in the consideration or decision of this case.