## CUNNINGHAM *v.* RODGERS ET AL.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 42. Argued October 17, 18, 1921.—Decided January 3, 1922.

1. An action against a consul-general, upon his official bond, (Rev. Stats., § 1697, as amended,) for damage caused by his failure to perform his official duties touching the personal property of a decedent, can not be maintained by one who is not the personal representative but merely a possible owner of a share of the decedent's estate. P. 468.

2. A declaration alleging that an American citizen, dying in China, left valuable real estate, standing in his name in the land records of the United States Consulate at Shanghai, and that the consul-general there, despite his duty to conserve the decedent's estate, caused one to whom he had illegally granted alleged letters testamentary, to convey it to a third party without consideration, although the deceased had not devised it, and that such assumption of jurisdiction on the part of the said consul-general, though illegal and void, had the effect of dissipating a valuable part of the estate to the consequent loss of the decedent's brother, the plaintiff,—states no cause of action against the consul-general on his official bond. P. 468.

50 App. D. C. 51; 267 Fed. 609, affirmed.

ERROR to a judgment of the court below affirming a judgment of the Supreme Court of the District of Columbia sustaining a demurrer to the declaration in an action for debt and dismissing the action.

*Mr. Clinton Robb* and *Mr. George F. Curtis,* with whom *Mr. Leonard J. Mather* was on the brief, for plaintiff in error.

*Mr. William C. Herron,* with whom *Mr. Solicitor General Frierson* was on the brief, for defendants in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Section 1697, Revised Statutes, as amended by Act of December 21, 1898, c. 36, 30 Stat. 770, requires every Consul-General before receiving his commission to execute a bond conditioned for the true and faithful performance of duties lawfully imposed upon him as such officer. It is copied in the margin.[1]

Purporting to proceed under this section plaintiff in error brought an action in the Supreme Court, District of Columbia, against James Linn Rodgers, once Consul-

[1] "Sec. 1697. Every consul-general, consul, and commercial agent, before he receives his commission, or enters upon the duties of his office, shall give a bond to the United States, with such sureties, who shall be permanent residents of the United States, as the Secretary of State shall approve, in a penal sum not less than one thousand dollars, and in no case less than the annual compensation allowed to such officer, and not more than ten thousand dollars, and in such form as the President shall prescribe, conditioned for the true and faithful accounting for, paying over, and delivering up of all fees, moneys, goods, effects, books, records, papers, and other property which shall come to his hands, or to the hands of any other person, to his use as such consul-general, consul, or commercial agent under any law, now or hereafter enacted, or by virtue of his office; and for the true and faithful performance of all other duties, now or hereafter lawfully imposed upon him as such consul-general, consul, or commercial agent. The bond herein mentioned shall be deposited with the Secretary of the Treasury. In case of a breach of any such bond, any person thereby injured may institute, in his own name and for his sole use, a suit on said bond, and thereupon recover such damages as shall be legally assessed, with costs of suit, for which execution may issue for him in due form; but if such party fails to recover in the suit, judgment shall be rendered and execution may issue against him for costs in favor of the defendant, and the United States shall, in no case, be liable for the same. The said bond shall remain, after any judgment rendered thereon, as a security for the benefit of any person injured by a breach of the condition of the same until the whole penalty has been recovered; and the proceeding shall always be as directed in this section."

6267°—22——35

General at Shanghai, China, and the sureties upon his official bond. Process was served upon him but the sureties were not summoned and did not appear. The declaration alleges execution of the bond, its breach by Rodgers' failure to discharge his official duties concerning property left by plaintiff's brother who died in China June 10, 1905, and asks a recovery upon the bond for damages suffered. The trial court sustained a demurrer to the declaration, and upon appeal this action was affirmed.

The Court of Appeals held that if the Consul-General's failure to perform his official duties concerning the personal property caused loss, the damage was to the estate, and plaintiff, being a mere possible owner of a distributive share, could not recover in his own right—any possible right of action was in the administrator. This we think was clearly right.

The second count of the painfully prolix declaration alleges " that there were left by said decedent certain valuable real property in the Pao Shan District in Shanghai, China, of the value of, to wit, $5,000.00, which, outstanding in decedent's name in the Land Records of said United States Consulate at Shanghai, China, it was the duty of the said defendant, James Linn Rodgers, to conserve to said decedent's estate; but notwithstanding his said duty in this respect and in utter violation thereof, and in breach of the condition of his said bond and writing obligatory, he, the said defendant, James Linn Rodgers, instructed one E. H. Dunning to convey and transfer the same over to a certain Mrs. Green, gratuitously, and without any consideration passing therefor, four days after he had illegally and improperly granted alleged letters testamentary to the said E. H. Dunning . . . that no such real estate was devised or sought to be devised under the paper writing hereinbefore referred to as the pretended last will and testament of the said Henry H. Cunningham, deceased . . . and said

assumption of a jurisdiction and power to so instruct the said E. H. Dunning, was wholly illegal and void, although having the effect of dissipating a valuable part of plaintiff's deceased brother's estate, to the consequent loss of plaintiff by this, said defendant James Linn Rodgers' violation and breach of the condition of his bond and writing obligatory, so as aforesaid given to insure plaintiff all legal and proper protection of his said interests in and to his deceased brother's estate, as aforesaid."

The plaintiff's whole cause is presented upon the theory that Rodgers had no power to administer the estate of the deceased brother or to do aught in reference thereto but what the statutes authorized; "namely, conserve and transmit to the United States for proper and legal distribution according to the laws of decedent's domicile." No statute is cited which imposes any duty in respect of real estate upon a consul in China. Under such circumstances mere allegation that defendant unlawfully assumed to instruct one holding void letters testamentary to transfer such property without consideration is wholly insufficient to show an actionable breach of official duty, or adequately to point out personal damage suffered by plaintiff in error. Real estate can not be dissipated by mere direction gratuitously to convey it issued without semblance of authority. The judgment below is

*Affirmed.*