**UNITED STATES, to Use of PARRAVICINO, v. BRUNSWICK et al.**

**No. 5876.**

Court of Appeals of the District of Columbia.

Argued Nov. 9, 1933.

Decided Feb. 5, 1934.

Frank K. Nebeker and George C. Ober, Jr., both of Washington, D. C., for appellant.

B. J. Gallagher, J. H. Bilbrey, and William C. Sullivan, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment of the Supreme Court of the District of Columbia sustaining a demurrer to a declaration for want of substance and dismissing the same with costs.

The declaration alleges in substance that the plaintiff, Parravicino, in the year 1931, was a citizen of the United States and a resident of Bridgetown, Barbados, W. I.; that at the same time the defendant William W. Brunswick was the duly appointed and acting United States Consul at the city of Bridgetown aforesaid; that his official bond upon which the codefendant, National Surety Company, was surety, provided among other things that Brunswick, as consul, should at all times while remaining in office, truly and faithfully discharge the duties thereof according to law, and that in case he should violate the condition of the bond he and his surety should be liable to the United States

in a penalty for the breach of such condition in a sum equal to the amount of the annual compensation of the defendant Brunswick by way of liquidated damages. That plaintiff brings the present action on the aforesaid bond in the name of the United States pursuant to section 103, tit. 22, U. S. C. (22 USCA § 103). That at the time in question plaintiff while residing in Bridgetown was engaged in the business of importing foodstuffs and dry goods and acting as wholesale commission merchant for numerous concerns in the United States; that under section 175, tit. 15, U. S. C. (15 USCA § 175), it was the duty of the Bureau of Foreign and Domestic Commerce, under the direction of the Secretary of Commerce, to foster, promote, and develop the various manufacturing industries of the United States, and markets for the same at home and abroad, by gathering, compiling, publishing, and supplying all available and useful information concerning such industries and markets, and by such other methods and means as may be prescribed by the Secretary of Commerce or provided by law and that all consular officers of the United States were required under the direction of the Secretary of State, to gather and compile, from time to time, useful and material information and statistics in respect thereto, in the countries and places to which such consular officers were accredited, and to send under the direction of the Secretary of State, reports as often as required by the Secretary of Commerce of the information and statistics thus gathered and compiled, such reports to be transmitted through the State Department to the Secretary of the Department of Commerce. That thereupon it was the duty of defendant Brunswick, as consul, to make truthful, accurate, and impartial reports to the State Department, touching all such matters as were reported by him as aforesaid; but notwithstanding such duty, the defendant on April 29, 1931, in a certain report made by him as consul to the Department of State did make false and malicious statements of and concerning the plaintiff to the effect and in substance that plaintiff was a man who bore a poor reputation and was otherwise unworthy of credit, whereas plaintiff at the time such report was made, as was well known to the defendant, was actively engaged in business as aforesaid, and was also identified with various enterprises in Bridgetown, and bore a good reputation and was otherwise worthy of credit. That the report was duly received by the Department of State and became and continued to be a record of that Department

and a copy thereof was transmitted to the Department of Commerce, and that Department, relying upon the representations made in the report, in due course disseminated the false information therein among various business concerns in the United States, and as a consequence plaintiff has been greatly humiliated and injured in his reputation and business standing, and subjected to great expense, and has suffered damages in the sum of $7,000, for which he claims judgment against defendant Brunswick and defendant National Surety Company, as his surety.

Section 103, tit. 22, U. S. C. (22 USCA § 103), which is cited but not copied in the declaration, supra, as the authority permitting the plaintiff to bring the present action on defendant's bond in the name of the United States, reads as follows: "Whenever any consular officer willfully neglects or omits to perform seasonably any duty imposed upon him by law, or by any order or instruction made or given in pursuance of law, or is guilty of any willful malfeasance or abuse of power, or of any corrupt conduct in his office, he shall be liable to all persons injured by any such neglect, or omission, malfeasance, abuse, or corrupt conduct, for all damages occasioned thereby; and for all such damages, he and his sureties upon his official bond shall be responsible thereon to the full amount of the penalty thereof to be sued in the name of the United States for the use of the person injured."

A demurrer was filed to the declaration by each of the defendants upon the ground among others that the report made by the defendant Brunswick, as alleged in the declaration, was entitled to absolute privilege and was nonactionable. The demurrer was sustained and, the plaintiff electing to stand upon his declaration, judgment was entered against him.

In our opinion the demurrer of the defendants was rightly sustained.

█ It is provided by section 602, Consular Regulations, that there shall be maintained in each consular office a list or file in the form prescribed by the Secretary of State, of the principal commercial and industrial firms in the consular district; that copies of this list shall be furnished to the Secretary of State as he shall direct. Pursuant to these provisions the defendant, as consul, was required to make an annual confidential report of all persons, firms, and corporations engaged in business within his consular district, and for this purpose an official form was provided containing among other things questions relating to the general reputation of any concern which was the subject of inquiry. This information was to be transmitted through the Department of State to the Bureau of Domestic and Foreign Commerce for use in compiling a "World Trade Directory." Under the regulations of the Bureau, a copy of such report could be obtained by a proper party only under strict limitations, and it is provided by the Consular Regulations that even under favorable circumstances it is inadvisable to provide a foreign firm with an original copy of the form.

It thus appears that the report of the consul containing the statement complained of in the declaration was made as a confidential communication required by the government, to be used for a legitimate governmental purpose, and it became a compulsory official duty of the consul to answer it. The answer which was made by the consul was limited to the inquiry made by the government. It was transmitted to the Secretary of State, as required by statute, to be used under his orders for lawful governmental purposes. Under such circumstances the consul enjoys an absolute privilege and cannot be held to answer in an action for libel based upon his report. Spalding v. Vilas, 161 U. S. 483, 16 S. Ct. 631, 40 L. Ed. 780.

In the leading case of De Arnaud v. Ainsworth, 24 App. D. C. 167, 5 L. R. A. (N. S.) 163, it was held by this court that public policy affords absolute protection and immunity for what may be said or written by an officer in his official report or communication to a superior, when such report or communication is made in the course and discharge of official duty, and the question of motive, or whether there was a want of good faith in the making of such report, is immaterial; so that, a report by the Chief of the Record and Pension Office of the War Department to the Secretary of War, made under departmental regulations, and as a result of an application for a medal of honor for distinguished services, wherein the applicant is charged with fraud, is absolutely privileged.

In the case of Farr v. Valentine, 38 App. D. C. 413, Ann. Cas. 1913C, 821, it was held by this court that statements in a letter from the Commissioner of Indian Affairs to the Secretary of the Interior, recommending the dismissal of an employee of the Indian Bureau on the ground of his unfitness for his position, are privileged, and cannot be made the basis of an action of libel by the employee

against the Commissioner, when relevant to the purpose of the letter; and oral statements officially made by the Commissioner to the Secretary, concerning the same employee and his unfitness to remain in the service, embodying the substance of letters written by the Commissioner to subordinates in the field, are also privileged, and cannot be made the basis of a count for slander in the same action.

It is contended that in respect to communications made by executive officers, absolute privilege is granted only to the chief officers of the government and not to declaration of subordinates. We think, however, that the proper rule is stated in De Arnaud v. Ainsworth, supra, as follows: "Public policy affords absolute protection and immunity for what may be said or written by an officer in his official report or communication to a superior, when such report or communication is made in the course and discharge of official duty. Otherwise the perfect freedom which ought to exist in discharge of public duty might be seriously restrained, and often to the detriment of the public service. Of course, when a party steps aside from duty and introduces into his report or communication defamatory matter wholly irrelevant and foreign to the subject of inquiry, a different question is presented. * * * It is, therefore, not the particular position of the party making the report or communication that entitles it to absolute privilege so much as the occasion of making it, and the reasons of public policy for the immunity."

In the present case the consul made no publication of the statements complained of but communicated them in confidence to his superiors in the government service. Such publication as was made of them was therefore made by the Bureau acting under the orders and regulations of the Department of Commerce. The communications were made in the performance of an important public service and in such case the consul must be able to rely upon the confidential character thereof, in order that he may freely and accurately answer the questions which are addressed to him.

This conclusion is not inconsistent with the provisions of section 103, tit. 22, U. S. C. (22 USCA § 103), which provides that a consular officer who willfully neglects or omits to perform seasonably any duty imposed upon him by law, or is guilty of any willful malfeasance or abuse of power, or of any corrupt conduct in his office, shall be liable to all persons injured by any such neglect, or omis-

sion, malfeasance, abuse, or corrupt conduct, for all damages occasioned thereby, for which the consul and the surety upon his official bond shall be responsible to the full amount of the penalty thereof to be sued in the name of the United States for the use of the person injured. In our opinion these provisions relate to transactions wherein the consul is dealing directly with the party injured, and violates a duty imposed upon him by law in respect to such person. This view is illustrated by the cases of American Security Co. v. Sullivan (C. C. A.) 7 F.(2d) 605; Cunningham v. Rodgers, 50 App. D. C. 51, 267 F. 609, affirmed 257 U. S. 466, 42 S. Ct. 149, 66 L. Ed. 319; Dainese v. Hale, 91 U. S. 13, 23 L. Ed. 190; and Claim of Peterson, 19 Op. of Attys. Gen. 22.

Nor does our conclusion relieve consular officers from responsibility for failure to discharge their duties under the law, for in every case the consul is responsible to the government in his official capacity and upon his official bond.

Other questions arise upon the record, but we consider that the judgment of the lower court should be sustained upon the foregoing grounds.

Judgment affirmed, with costs.