## HARWOOD v. McMURTRY.
### No. 1930.

District Court, W. D. Kentucky, at Louisville.

March 9, 1938.

B. M. Harwood, of Louisville, Ky., in pro. per.

Bunk Gardner, U. S. Atty., and Eli H. Brown, III, Asst. U. S. Atty., both of Louisville, Ky., for defendant.

FORD, District Judge.

This case is submitted upon the plaintiff's demurrer to an amended answer filed on July 16, 1937. The question raised by the demurrer to which the parties, in their briefs, especially direct the court's attention, is whether the law affords a public officer absolute protection and immunity from liability on account of a false statement maliciously made in a communication to his superior when such statement is made in the course and discharge of official duties and is pertinent and relevant thereto.

In the case of Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780, the rule affording absolute immunity to an official report was extended beyond judicial and legislative proceedings and held to include the head of an executive department of the government.

In the cases of DeArnaud v. Ainsworth, 24 App.D.C. 167, 5 L.R.A.,N.S., 163, Farr v. Valentine, 38 App.D.C. 413, Ann. Cas.1913C, 821, United States v. Brunswick, 63 App.D.C. 65, 69 F.2d 383, and Miles v. McGrath, D.C., 4 F.Supp. 603, the protection of the rule has been further extended so as to reach and include subordinate government officers when engaged in the discharge of duties imposed upon them by

law. The seriousness of affording such protection, under the cover of which officers of the government, under the guise of official duty, may make a false and malicious statement subjecting another to scorn and ridicule with ensuing damages, without the injured party being able to secure legal redress, cannot be doubted. These considerations, however, are held to be outweighed by an imperative public policy that perfect freedom in the discharge of public duty is essential to the maintenance of efficient public service and must be preserved without restraint. Upon this ground the question seems to have been settled. It is clearly pointed out that when an officer departs from official duty and indulges in defamatory statements, wholly irrelevant and foreign to its scope, he is not entitled to protection, but otherwise he is afforded absolute immunity. Improper motive, bad faith, or false statement of facts are not material questions for the reason that no liability arises on account thereof when involved in the exercise of official duty. It seems unnecessary to repeat the exhaustive discussions of the question presented in the cases referred to. It is sufficient to say that the question appears to have been settled by the Supreme Court, and we are bound by the decision. Mellon v. Brewer, 57 App. D.C. 126, 18 F.2d 168, 53 A.L.R. 1519, certiorari denied 275 U.S. 530, 48 S.Ct. 28, 72 L.Ed. 409.

The case of White v. Nicholls, 3 How. 266, 11 L.Ed. 591, and other cases relied upon by the plaintiff, involving libelous matter communicated by individual citizens, are not apposite.

■ However, the protection afforded by the rule referred to is only available when facts supporting it are adequately set out in the pleadings. The answer in this case seems to be nothing more than a series of conclusions. The allegations to the effect that the defendant was the internal revenue agent in charge in Louisville, Kentucky, that his report was made in the course of and in discharge of his official duty, and that the matter contained therein was relevant to the matters intrusted to him in his official capacity, are mere conclusions. They are entirely unsupported by indispensable allegations of facts. Upon this ground, the demurrer to the amended answer should be sustained with leave to the defendant to amend within thirty days.

■■ Although apparently disposed of by orders heretofore entered, since the subject has been again referred to in the briefs, it seems appropriate to indicate my views upon the question of the power of the court to require the production of the communication upon which this action is based for use as evidence in the case. I am of the opinion that, under section 161 of the Revised Statutes, 5 U.S.C.A. § 22, and the regulations issued pursuant thereto, the custody of the records and papers in the Treasury Department is vested exclusively in the Secretary of the Treasury, and without his consent the court is without the power to require the production of the communication involved in this case for use as testimony or to require any officer of the department to produce a copy of it or to testify in regard thereto. Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846; Ex parte Sackett, 9 Cir., 74 F.2d 922. I concur in the actions of the judges who formerly sat in this case in denying defendant's motion for a subpoena duces tecum or other process requiring the production of the communication referred to.

Let orders be submitted for entry in conformity herewith.