BROWNWELL CORPORATION v. UNGARELLI.

1. WORKMEN'S COMPENSATION — DEATH OF CLAIMANT — PERSONAL REPRESENTATIVE AS PARTY.

Merits of controversy are not disposed of on appeal from decree of trial court that a claim for compensation died upon the death of the alien defendant, where appellant is the representative of government of country in which claimant lived and held a power of attorney from claimant's heirs, and as such has no authority to maintain the appeal since the personal representative of the deceased, not the appellant, would be the proper one to whom any accrued compensation would be due and payable.

2. SAME—DISMISSAL OF APPEAL WITHOUT PREJUDICE.

Appeal from decree finding award of workmen's compensation void, made by holder of power of attorney from the only heirs of the deceased claimant, is dismissed without prejudice to the right of the administrator of claimant's estate to take appropriate steps for protection of any interest he may have where administrator was not made a party until after claim of appeal was filed and is, if anyone, the only one to whom any compensation would be payable.

Appeal from Wayne; Richter (Theodore), J. Submitted June 8, 1939. (Docket No. 37, Calendar No. 40,024.) Decided September 5, 1939.

Bill by Brownwell Corporation, a Michigan corporation, against Elmer O'Hara, Wayne County Clerk, and Claude S. Carney and others, constituting Department of Labor and Industry, to restrain the certification of an award of the Department of Labor and Industry to the circuit court and to restrain the entry of a judgment. Giacomo Ungarelli intervened as a party defendant. Decree for plaintiff. Inter-

vening defendant appeals. Andrew Baird, as administrator of the estate of Matilda Ciacci, intervened as party defendant. Appeal dismissed.

*Frederick J. Ward,* for plaintiff.

*Anthony Maiullo,* for defendant Ungarelli.

CHANDLER, J. On July 27, 1929, plaintiff had in its employ one Carlo Ciacci, who sustained an accidental injury resulting in his death. Both employer and employee were subject to the provisions of the workmen's compensation act, 2 Comp. Laws 1929, § 8407 *et seq.* (Stat. Ann. § 17.141 *et seq.*). Subsequent thereto, Ugo Berni-Canani, Italian vice consul of the city of Detroit, as attorney in fact for Matilda Ciacci, deceased's mother, who resided in Italy, filed a claim for compensation on her behalf as a dependent with the department of labor and industry. Upon hearing before a deputy commissioner, an award was entered in her favor. Plaintiff made application for a review of the award entered by the deputy commissioner, and upon review thereof an order was entered April 23, 1931, affirming the award. It appears, however, that on April 19, 1931, four days prior to affirmance of the award by the department, the claimant died. Plaintiff, being unaware of her death, paid the sum of $357 to the vice consul, said amount representing a partial payment of the accrued sum due under the award as affirmed.

Subsequently, plaintiff filed the bill of complaint and amendments thereto herein, wherein the foregoing facts were alleged, and further that the Italian consul, as attorney in fact for the deceased claimant, had requested the department of labor and industry for a certified copy of the award of compensation so that the same might be filed with the county clerk

of Wayne county, an *ex parte* judgment be entered thereon, and that an execution might issue. The bill as amended further alleged that defendant members of the department of labor and industry had threatened to comply with the demand, and concluded with a prayer that a temporary injunction issue to prevent them from so doing. It was further prayed that the defendant Elmer B. O'Hara, county clerk of Wayne county and his successors in office be restrained from entering judgment upon any certified copy of the award that might be issued by the department, and that the said O'Hara and his successors in office be restrained from issuing execution upon any judgment based upon such an award. The bill also prayed for a permanent injunction, restraining the defendant members of the department and their successors in office from issuing a certified copy of the award.

On March 12, 1937, the trial court entered a decree finding the compensation award to be void for the reason that any claim to compensation the said Matilda Ciacci might have had prior to her death died with her. A permanent injunction was ordered enjoining the members of the department and their successors in office in accordance with the prayer of the amended bill of complaint.

On April 1, 1937, claim of appeal was filed by the Italian consul. Thereafter, on February 26, 1938, Andrew Baird, administrator of the deceased claimant's estate, was made a party defendant to the cause by order of the trial court.

In this court, appellant claims that the decree of the trial court should be reversed for the reason that the personal representative of the deceased dependent is entitled to the unpaid portion of the compensation which had accrued to the date of the latter's death, and that the trial court erred in finding that

the claim for compensation died upon the death of the dependent.

However, we find that it would be improper for us to dispose of the merits of the controversy upon this appeal. The appellant is the successor in office to Ugo Berni-Canani, the Italian vice consul, who prosecuted the dependent's claim before the department of labor and industry. He was made a party defendant to the cause by order of the trial court entered July 27, 1934; his proposed answer, filed with his motion for leave to intervene, alleging that he held a power of attorney from the only heirs of the deceased dependent, which authorized him to collect for them the compensation due from plaintiff. It is thus apparent from the face of the record that this appellant has no authority to maintain the appeal. The heirs, at this time at least, would not be entitled to the compensation due, if any, but the same would be payable to the personal representative of the deceased. See *Cunningham* v. *Rodgers,* 257 U. S. 466 (42 Sup. Ct. 149). The administrator was not made a party to the cause until after the claim of appeal was filed and is not an appealing party. However, he, if anyone, would be entitled to any compensation due and payable.

As appellant has no interest in the litigation, his appeal must be dismissed, but without prejudice to the right of the administrator to take any appropriate procedure for the protection of any interest he may have. Plaintiff may recover costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.