**Frances K. JENKINS et al., Appellants,**

v.

**Margaret V. PETERS et al., Appellees.**

**No. 15856.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 23, 1960.

Decided March 9, 1961.

Mr. James C. Toomey, Washington, D. C., for appellants.

Mr. John Joseph Leahy, Washington, D. C., for appellees.

Before MAGRUDER, Senior United States Circuit Judge for the First Circuit,* and BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

This is a real estate case. George Peters, the last owner of record of the property, died about 1886, intestate. His widow died in 1912, intestate. His son George W. Peters lived on the premises for many years, dying in 1937, intestate. His—the record owner's—daughter Mar-

---

5. Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774; Gibson v. United States, 106 U.S.App. D.C. 10, 268 F.2d 586, 589.

* Sitting by designation pursuant to Section 294(d), Title 28 U.S.Code.

tha, if she ever lived there, ceased doing so by 1910. She died in 1938, intestate. The son's children, appellees here and defendants in the District Court, were born on the premises, and one or more of them have lived there at all times during the past 50 years. The daughter's children, who have never lived on the premises, brought suit in 1958, asking partition. One of them testified that he had known of their possible claim to an interest in the property for about 40 years, and another of them had the title searched in 1939.

After taking evidence, the District Court filed a memorandum opinion, reading in material part as follows:

"The Court is of the opinion, on the basis of all of the evidence in this case, that the defendants have acquired title by adverse possession to the property in dispute. Their occupancy for more than the statutory period has been hostile, adverse, open and under claim of ownership. They have, consequently, acquired title to the property.

"The Court feels further that the plaintiffs are estopped by the doctrine of laches from asserting any claim to title to this property. Their cause of action arose certainly in 1938, and twenty years elapsed before the initiation of this action. In the meanwhile, the defendants maintained the property, paid the taxes upon it, made repairs and other expenditures to the extent that their position is substantially changed from that existing in 1938. The Court concludes, consequently, that in addition to the applicability of the doctrine of adverse possession to

this case, the doctrine of laches likewise operates in favor of the defendants."

We affirm. The familiar presumption that the entry into possession of one tenant in common is on behalf of all tenants in common has no place in this case. Assuming that the ancestors of the parties here were at one time tenants in common,[1] the defendant-appellees' continued possession following their father's death was not "avowedly begun" as tenants in common, or "under a deed which defined [their] title as such." Elder v. McClaskey, 6 Cir., 1895, 70 F. 529, 538, certiorari denied 1896, 163 U.S. 685, 16 S.Ct. 1201, 41 L.Ed. 315. Cf. Welch v. Lipscomb's Unknown Heirs, 1955, 96 U.S.App.D.C. 412, 226 F.2d 776. Rather they continued in open possession under claim of ownership, paying no rent to anyone for occupancy of the premises and carrying all the burdens of ownership, including the making of major improvements. Not only do we hold that they have acquired exclusive title to the property by adverse possession, but also that the failure of the plaintiffs to assert their interest in the property following the title search instigated by one of them in 1939, if not an abandonment of their interest, is at least clear evidence of laches which in the circumstances should bar their right to assert their claim. Compare Mt. Vernon Savings Bank v. Wardman, 1949, 84 U.S. App.D.C. 343, 173 F.2d 648. Appellant's counsel urges in this court that Martha's husband survived her, living until 1946. But this does not appear in the record, and we need not pass on its effect, if any.

The judgment of the District Court is Affirmed.

---

1. The record suggests that George W. Peters had acquired title by adverse possession as against his sister and all others before his death in 1937. We do not pass on this possibility.