UNITED STATES of America for the Use of Adelaida GARCIA, Plaintiff,

v.

Vernon McANINCH, Consul General of the United States at Santo Domingo, Dominican Republic, et al., Defendants.

UNITED STATES of America for the Use of Jesus ORTIZ, Plaintiff,

v.

Paul M. MILLER, Consul of the United States at Santo Domingo, Dominican Republic, et al., Defendants.

Nos. 76C1600, 77C166.

United States District Court, E. D. New York.

July 29, 1977.

Antonio C. Martinez, New York City, for plaintiffs.

David G. Trager, U. S. Atty., E. D. N. Y., by Elaine C. Buck, Asst. U. S. Atty., Brooklyn, N. Y., for defendants.

PLATT, District Judge.

The plaintiffs in the above actions seek damages under 22 U.S.C. § 1199 for harm they allegedly suffered because of the defendants' failure to issue visas to a fiance and a spouse. The defendants move to dismiss on the grounds that this Court lacks

jurisdiction over the subject matter, the plaintiffs lack standing to sue, the plaintiffs have failed to join an indispensable party, there is no jurisdiction over the defendants, the actions are barred by sovereign immunity and venue is improper in the Eastern District of New York.

## FACTS

In May of 1976 Adelaida Garcia, a United States citizen and a resident of this district, filed a petition for a non-immigrant visa for her alleged fiance, Eduardo Hernandez, a citizen and resident of the Dominican Republic, so that the two could be married and live in the United States.

On July 12, 1976, Mr. Hernandez applied at the United States Embassy in Santo Domingo for issuance of the non-immigrant visa. For various reasons the officials in Santo Domingo questioned Mr. Hernandez' intention to enter into a valid marriage and withheld the visa petition.

In September of 1976, Adelaida Garcia brought this lawsuit against Vernon McAninch, who was Consul General at the American Embassy in Santo Domingo until August 26, 1976, Jose Heredia, a Dominican citizen employed by the Embassy as an investigator, and a "John Doe" identified as a Vice-Consul at the Embassy in Santo Domingo.

In July of 1975 Leomares Ortiz applied at the American Embassy in Santo Domingo for an immigrant visa to join Jesus Ortiz, whom she had married in 1973. Jesus Ortiz says he is a permanent resident of the United States and resides in this district.

On April 2, 1976, the Embassy denied Mr. Ortiz a visa, in part, because her marriage appeared to be "one of convenience for immigration purposes."

Jesus Ortiz brought this action against Paul Miller, who was Consul at the Embassy in Santo Domingo, Jose Heredia, and a "John Doe".

In both actions the plaintiffs allege that the defendants have acted unlawfully and arbitrarily in denying the visas and that such conduct, in effect, is "wilful malfeasance or abuse of power."

## I

■ Before discussing the defendants arguments, we note first that the plaintiffs are not challenging the denial of the visas. Judicial review of the issuing of visas is generally not permitted on the theory that such decisions are exclusively within the province of the legislative and executive branches. *Kleindienst v. Mandel*, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972); *Rivera de Gomez v. Kissinger*, 534 F.2d 518 (2d Cir. 1976); *Burrafato v. United States Department of State*, 523 F.2d 554 (2d Cir. 1975), *cert. denied*, 424 U.S. 910, 96 S.Ct. 1105, 47 L.Ed.2d 313 (1976); *Pena v. Kissinger*, 409 F.Supp. 1182 (S.D.N.Y.1976).

Rather the plaintiffs bring suit here under 22 U.S.C. § 1199, as amended, which reads in relevant part as follows:

"Whenever any consular officer wilfully neglects or omits to perform seasonably any duty imposed upon him by law, or by an order or instruction made or given in pursuance of law or is guilty of any wilful malfeasance or abuse of power, or of any corrupt conduct in his office, he shall be liable to all persons injured by any such neglect, or omission, malfeasance, abuse, or corrupt conduct, for all damages occasioned thereby; and for all such damages, he shall be responsible thereon to the full amount thereof to be sued in the name of the United States for the use of the persons injured."

■ Under that section, the action is for damages only, not for review of any decision to deny visas. The damages alleged here are "grievous emotional harm, anxiety, loss of consortium, loss of economic benefits of a marital relationship, loss of ability to plan for the future, inordinate delays in obtaining tax benefits, unforeseen travel and other expenses." Both plaintiffs demand damages of $15,000.00 and exemplary and punitive damages of $25,000.00.

Further, any claim under § 1199 must be brought "in the name of the United States for the use of the person injured." Both

plaintiffs have brought their actions in this manner.

## II

■ The defendants' first argument in favor of dismissal is that 22 U.S.C. § 1199 was not intended to circumvent the rule expressed above that the courts cannot review decisions by immigration officials. The defendants cite a number of cases and the Congressional history of § 1199 to support their position, but their argument (as much as we may sympathize with it and believe it should be the law to achieve consistency with the policy of non-reviewability) cannot overcome three barriers.

First, the express statutory language allows a suit for damages even though the standard of proof is high in that § 1199 requires at the least a showing of "wilful malfeasance or abuse of power."

Second, the only case that has recently interpreted that section is *Pena v. Kissinger*, 409 F.Supp. 1182 (S.D.N.Y.1976). In that case Judge Pollack held that the courts could not review decisions by immigration officials. However, on the question of damages the Judge said (409 F.Supp. at 1188) "it would seem anomalous for government conduct which is invulnerable to judicial review to state a claim on which monetary relief might be granted. While that may well be the case, it is also true that anomalies are not foreign to the law of immigration as it has been developed by the Congress and the Courts." Judge Pollack, therefore, held that the plaintiff could bring a suit for damages under § 1199, and this Court concurs in that conclusion.

Third and moreover, we cannot ignore the decision of Judge Learned Hand in *American Surety Co. v. Sullivan*, 7 F.2d 605 (2d Cir. 1925), which reached the same result and until it is overruled constitutes the law in this Circuit.

## III

■ The defendants argue that the plaintiffs lack standing to sue because the defendants' duty, if any, was only to the persons denied the visas, not to their spouses or fiances. However, the Court in *Pena v. Kissinger, supra*, specifically addressed the question of whether a wife could sue for the denial of a visa to her husband, and held she could. In opposition to this the defendants cite *Cunningham v. Rodgers*, 50 App.D.C. 51, 267 F. 609 (1920), *aff'd*, 257 U.S. 466, 42 S.Ct. 149, 66 L.Ed. 319 (1922), and *United States v. Brunswick*, 63 App. D.C. 65, 69 F.2d 383 (1934). Both of these cases were decided under predecessor statute to § 1199 which was virtually identical to § 1199.

In *Cunningham* the defendant's activities had injured a man who thereafter died. The Court held that under the applicable law only the Trustee of the deceased's estate could bring an action, and thus dismissed the action by his heir. In the *Brunswick* case the consul was required by law to submit a confidential report to the State Department. This report was released and allegedly damaged the plaintiff. The Court held that the communication between a consul and the State Department was privileged, and that the statute did not cover this type of indirect damage. Neither of those cases deal with the question of whether a wife or a fiance can sue for damages caused by the denial of a visa. As *Pena v. Kissinger, supra*, decides just that question and is a far more recent case we choose to follow the decision there. Therefore, we hold that the plaintiffs have standing to sue.

## IV

■ Next the defendants argue that the Court lacks subject matter jurisdiction over the defendant Heredia. Mr. Heredia is employed as an investigator by the Embassy and is not alleged to be a consular officer. As 22 U.S.C. § 1199 only covers activities by consular officers, this action must be dismissed as to this defendant. In opposition to this the plaintiffs argue that Heredia is a *de facto* consular officer because the defendants McAninch and Miller did not review the reports of Heredia, but merely adopted them *in toto*. This allegation may

go to the liability of McAninch and Miller, but it does not change the status of Heredia, so these actions must be dismissed against him.

## V

■ The defendants argue that this case should be dismissed for failure to join an indispensable party, namely the United States as a defendant. Section 1199 requires that a suit be brought "in the name of the United States for the use of the person injured." This the plaintiffs have done, and so the United States is a party-plaintiff. We cannot believe the statute contemplates that the United States should be on both sides of an action, and so the plaintiffs should not be required to join the United States as a defendant.

## VI

■ The defendants argue that this Court lacks jurisdiction over the persons of the defendants, whether sued individually or in their official capacity. The plaintiffs allege jurisdiction under 28 U.S.C. § 1391(e), as amended in 1976. Apparently there is some dispute in the courts as to the reach of that section. The defendants cite *Kipperman v. McCone*, 422 F.Supp. 860 (N.D.Cal.1976), for the proposition that § 1391(e) only provides nationwide *service* and in order to find jurisdiction over the defendants, there must be minimum contacts with the *state* where the district court is located.

However, cases in this Circuit seem to allow personal jurisdiction over Federal official anywhere that the § 1391(e) requirements are met. *Liberation News Service v. Eastland*, 426 F.2d 1379, 1382 (2d Cir. 1970); *English v. Town of Huntington*, 335 F.Supp. 1369 (E.D.N.Y.1970); *Lowenstein v. Rooney*, 401 F.Supp. 952 (E.D.N.Y.1975).

In particular, this Court is persuaded by the recent case of *Driver v. Helms*, 74 F.R.D. 382 (D.C.R.I.1977). That Court held that by enacting § 1391 Congress intended "national exercise of personal jurisdiction by each of the district courts, based on presence of the defendant in the United States, rather than in any particular state." 74 F.R.D. at 390. This result is the same one reached by the Second Circuit in *Mariash v. Morrill*, 496 F.2d 1138 (2d Cir. 1974), which interpreted another statute authorizing nationwide service of process. Therefore, we hold that if the defendants have the requisite "minimum contacts" with the *United States*, there is jurisdiction over them in this district.

There can be no dispute that the defendants have sufficient minimum contacts with the United States as they are United States citizens who were employed by the United States. Further, *Driver v. Helms, supra*, makes it clear that § 1391(e) covers officials even if they are retired. Finally, *Driver v. Helms* required that the service given the defendants must be calculated to inform them of the proceedings so they could have an opportunity to be heard. Section 1391 requires service by certified mail, and there has been no argument raised that the defendants have not been so served, or that they were not adequately informed of the proceedings. Therefore, we hold this Court has personal jurisdiction over the defendants.

＊

■ However, we note that this is an action for damages, and therefore cannot be brought against the defendants in their official capacity because of the Eleventh Amendment. However, the defendants are also sued in their individual capacities and this is allowed under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); see *Driver v. Helms, supra*, at 390. Therefore, we hold that there is jurisdiction over the defendants in their individual capacities.

## VII

■ The defendants argue that the doctrine of sovereign immunity bars this action. To the extent that doctrine is applicable, 22 U.S.C. § 1199 is a waiver as it expressly allows suits against consular officers.

## VIII

Finally, the defendants argue that venue is improper in this district under 28 U.S.C. § 1391(e) because the defendants are retired or no longer in service in the Dominican Republic. As discussed above, *Driver v. Helms* held that venue under § 1391(e) was proper even against a retired official, and further since this is an action for damages and not for injunctive relief, the fact that the defendants have retired or changed posts is irrelevant.

The defendants' motion to dismiss, except as indicated above, should be and the same hereby is denied.

The defendants also move to amend their answer to allege the defense of lack of personal jurisdiction. In light of our decision above, such motion is denied except as and to the extent that there may be a question with respect to the adequacy of any particular service under the applicable statutes.

SO ORDERED.