Lawrence M. SOMERVILLE, Jr. and
Lakia M. Somerville, Appellants,

v.

Johnnie D. RANDALL, Appellee.

No. 05–CV–804.

District of Columbia Court of Appeals.

Submitted May 3, 2006.
Decided Sept. 28, 2006.

John F. Pressley, Jr., and Aroon R. Padharia, Washington, DC, filed a brief for appellants.

John Gordon Forester, Jr., filed a brief for appellee.

Before FARRELL, KRAMER, and FISHER, Associate Judges.

FISHER, Associate Judge:

This appeal requires us to explore the laws of intestate succession that applied in 1979. Concluding that there are unresolved issues of material fact, we reverse the order granting summary judgment to the appellee and remand for further proceedings.

I.

■ Appellants Lawrence M. Somerville, Jr., and Lakia M. Somerville, brother and sister, brought this suit to quiet title to a residence located on Rock Creek Church Road. Barnie James Elliott, appellants' maternal great grandfather, acquired the property in 1949. He married Cora Reeder Brooks Elliott in 1957, and they lived there until he died on July 12, 1979. The parties agree that Barnie James Elliott died intestate.[1] Appellants,

---

1. The record contains a purported copy of a will dated March 5, 1952, which devised the property to Cora Brooks although she and Mr. Elliott had not yet married. The record also contains conflicting assertions about whether Barnie James Elliott ever executed this will. (Apparently the original has not been found.) The parties agree that the will

who were born before Mr. Elliott died, are not descended from Cora Brooks Elliott.

Cora Brooks Elliott continued to live at the residence until she died on December 3, 2001. Her will devises the property to three individuals, none of whom is a party to this litigation. The will was admitted to probate, and appellee Johnnie D. Randall was appointed to serve as Mrs. Elliott's personal representative.

Appellants jointly filed a complaint to quiet title, claiming an interest in the property through their mother, Elvia M. Somerville, a granddaughter of Barnie James Elliott. Their position has evolved over time, but they now claim that Cora Elliott inherited one third of the property and that Elvia Somerville, their mother, inherited the remaining two thirds. Mrs. Somerville died intestate on April 1, 2001. Appellants assert that each of them has inherited one third of Mrs. Somerville's estate.

Appellee Randall has consistently argued that complete ownership of the residence passed to Cora Brooks Elliott by operation of law and that she therefore was entitled to devise the property in her will. The trial court agreed, ruling that "Cora Elliott legally acquired the subject property, pursuant to the statute in effect at the time of Barnie Elliott's death.... If the Plaintiffs wanted to acquire title to the house when Barnie Elliott died, then they should have opened a claim on his estate in order to require an administration of his estate. Without such a claim, the subject property passed to Cora Elliott as his surviving spouse." When denying appellants'

motion to alter or amend judgment, the court elaborated, explaining that at common law real property descends to heirs by operation of law. *See Richardson v. Green,* 528 A.2d 429, 432 (D.C.1987). That rule applies to the real property owned by Mr. Elliott; our statutes abrogating the common law apply only to estates of persons who died on or after January 1, 1981. *See* D.C.Code § 20–109 (1981). "Upon his death," the trial court explained, "Barnie Elliott's property devolved by operation of law to his wife, Cora Elliott. Therefore, Cora Elliott's devise of the subject property yielded good title and the Plaintiffs' claim fails."

## II.

The trial court's decision failed to take account of appellants' representations (seemingly undisputed) that Barnie James Elliott was survived by a grandchild (their mother) as well as a spouse. If an interest in the real property passed to one heir (his widow) by operation of law, *see, e.g., Johnson v. Martin,* 567 A.2d 1299, 1302 (D.C. 1989); *In re Tyree,* 493 A.2d 314, 318 (D.C.1985); *Cunningham v. Rodgers,* 50 App. D.C. 51, 53, 267 F. 609, 611 (1920), *aff'd,* 257 U.S. 466, 42 S.Ct. 149, 66 L.Ed. 319 (1922), then logic would seem to dictate that an interest passed to his other heirs in the same manner. Although appellants apparently never asserted a claim against Mr. Elliott's estate, there is no suggestion that his widow (or any other heirs) did so either. As far as we can tell from the present record, Cora Brooks El-

---

was not admitted to probate, however, and that we must treat this case as if he died intestate. It is commonly accepted that a will has no legal effect until it is probated. *See Armstrong v. Lear,* 25 U.S. (12 Wheat.) 169, 175–76, 6 L.Ed. 58 (1827) (appeal from the Circuit Court for the District of Columbia); *Norris v. Harrison,* 91 U.S.App. D.C. 103, 104, 198 F.2d 953, 954 (1952); *Baldwin v. Wylie,* 2

Hay. & Haz. 126, 131 (C.C.D.C.1853). *See also* 3 W. BOWE & D. PARKER, PAGE ON THE LAW OF WILLS § 26.8, at 22 (rev.3d ed. 2004) ("[E]very instrument of a testamentary character whether it passes realty or personalty or both, must be admitted to probate in order to give it legal effect and to make it operative as an instrument which passes title to devisees or legatees.").

liott and Elvia Somerville (the granddaughter) each would have inherited a portion of the estate through the laws of intestate succession.

■ Appellee protests that the claim "that a grand daughter survived the death of Barnie Elliott and is entitled to two thirds of his estate" is raised for the first time on appeal. We agree that this argument is articulated much more forcefully in this court than it was in the Superior Court and that appellants have made differing claims about how much of the estate the granddaughter (their mother) inherited. Nevertheless, appellants did argue below that Elvia Somerville survived her grandfather and inherited a portion of his estate. They made the argument in their opposition to appellee's motion for summary judgment,[2] and appellee in fact responded.[3] In their motion to alter or amend judgment, appellants again argued that "Barnie Elliott's granddaughter inherited the property rights of her grandfather and her children upon her death stepped into her shoes under § 19–302 D.C.Code 1965." The argument thus has been preserved.

The parties created a great deal of confusion in the Superior Court by quoting the wrong versions of the relevant statutes. At the time of Barnie Elliott's death, D.C.Code § 19–302 stated: "When the intestate leaves a surviving spouse and no child, parent, grandchild, brother, or sister, or the child of a brother or sister of the intestate, the surviving spouse is entitled to the whole." D.C.Code § 19–302 (1973). Appellee Randall seems to be op-erating under the assumption that Cora Brooks Elliott inherited all of her late husband's estate, but this would be true only if "no child, parent, grandchild, brother, or sister, or the child of a brother or sister" survived him. *Id.* If, however, Mr. Elliott was survived by a spouse and a grandchild, the spouse would be entitled to only one third of his estate. D.C.Code § 19–303 (1973) ("When the intestate leaves a surviving spouse and a child, or a descendant of a child, the surviving spouse is entitled to one-third."). The granddaughter's share would depend on whether she was the only other surviving heir. *See* D.C.Code § 19–307 (1973).

■ Because the record does not establish without dispute that Elvia Somerville survived Barnie James Elliott, and was his only surviving descendant, further inquiry is necessary.

### III.

Appellee asks us in the alternative to hold that appellants' claims are barred by the doctrine of laches. She also suggests that Cora Elliott may have acquired title to the property through adverse possession. Both arguments may be viable. *See, e.g., Jenkins v. Peters,* 109 U.S.App. D.C. 417, 288 F.2d 401 (1961); *Jackson v. Young,* 74 App. D.C. 165, 120 F.2d 732 (1941). So far as the present record reveals, neither appellants nor their mother asserted any right to the property until twenty-five years after the death of Barnie James Elliott. However, proper application of the doctrines of laches and adverse

---

2. "The late Barnie J. Elliott died intestate, survived by the grand daughter Maria Elvia Somerville and as per the intestate laws she inherited the rights of her grand father. Those rights that were vested in the grand daughter of the late Barnie J. Elliott have been vested in the remaindermen, i.e., the great grand children who were born prior to the death of Barnie Elliott."

3. Appellee argued that the granddaughter "had no rights as under the laws of intestacy the real property passed to his spouse, Cora Reed Elliott." For support, appellee quoted a version of D.C.Code § 19–302 not in effect at the time of Mr. Elliott's death and then misinterpreted the statute she quoted.

possession may depend on facts that we do not presently know. We therefore leave these issues to be addressed by the trial court on remand.

For the reasons discussed, we reverse the judgment of the Superior Court and remand this case for further proceedings.

*Reversed and remanded.*