# GAGE v. KAUFMAN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF ILLINOIS.

No. 189.  Submitted January 27, 1890. — Decided March 3, 1890.

In a bill in equity to quiet title, an allegation that the plaintiff is seized in
fee simple is a sufficient allegation that he has the possession as well as
the title.

In a bill in equity, an allegation that the plaintiff has no adequate remedy at
law is dispensed with by Rule 21 in Equity.

A bill in equity to remove a cloud upon title, created by a tax deed, which
alleges that no taxes were due upon which the land could be sold, need
not offer to pay any taxes as a condition of relief.

By the law of Illinois, a tax deed is no more than *prima facie* evidence in
favor of the purchaser, and may be shown to be invalid by proof that
there was no advertisement of sale, or no judgment or precept, or no
taxes unpaid, or no notice to redeem given or recorded; and a bill to
remove a cloud upon title, alleging that the defendant claims under a tax
deed valid on its face, but invalid on the grounds aforesaid, is good on
demurrer.

IN EQUITY.  The defendant demurred to the bill.  The de-
murrer being overruled he elected to stand on the demurrer,
and a decree was entered for the complainant, from which the
defendant appealed.  The case is stated in the opinion.

*Mr. Augustus N. Gage* for appellant.

*Mr. Edward Roby* for appellee.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a bill in equity by a citizen of Illinois against a cit-
izen of New Jersey to remove a cloud upon the title of lands
in Chicago of the value of $10,000.

The bill alleged that the plaintiff was seized in fee simple of
the lands; that the defendant claimed title to them under two
pretended tax deeds to him from the county clerk, recorded in
the office of the county recorder, (copies of the records of which
were set forth in the bill, showing deeds in the form prescribed

by § 221 of c. 120 of the Revised Statutes of Illinois of 1874); and further alleged that there was no advertisement of any public sale for non-payment of taxes on the day mentioned in either deed; that there was no judgment or precept on which the lands could have been sold; that there were no taxes unpaid on which the sale could have been made; that no notice to redeem the lands from such pretended sale was given by the holder of any certificate of such sale, as required by the constitution and statutes of Illinois; and that no such notice or evidence thereof was filed or recorded by the county clerk.

The defendant demurred to the bill, because it did not show who was in possession of the lands, or that the defendant was not in possession, or that the plaintiff had not an adequate remedy at law; because the plaintiff did not offer to do equity and to repay the taxes paid by the defendant; because the grounds alleged in the bill for setting aside the defendant's title were insufficient to overcome the *prima facie* evidence of the tax deeds set forth in the bill; and for want of equity.

The court overruled the demurrer, and, the defendant electing to stand by it, entered a decree for the plaintiff. The defendant appealed to this court.

The grounds of demurrer are untenable. The allegation that the plaintiff is seized in fee simple is a sufficient allegation that he has the possession as well as the title. 1 Dan. Ch. Pract. c. 6, § 5. The allegation that he has no adequate remedy at law is dispensed with by Equity Rule 21. If, as the bill alleges, no taxes were due upon which the lands could be sold, he was not bound to pay any taxes as a condition of relief. By the law of Illinois, the deed is no more than *prima facie* evidence in favor of the purchaser, and may be shown to be invalid by proof of either of the facts alleged in the bill and admitted by the demurrer, namely, that there was no advertisement of sale, no judgment or precept, no taxes unpaid, or no notice to redeem given or recorded. Illinois Rev. Stat. of 1874, c. 120, §§ 177, 182, 191, 194, 216, 217, 224; *Senichka* v. *Lowe*, 74 Illinois, 274; *Bell* v. *Johnson*, 111 Illinois, 374; *Gage* v. *Rohrbach*, 56 Illinois, 262; *Williams* v. *Underhill*, 58 Illinois, 137; *Dalton* v. *Lucas*, 63 Illinois, 337.

Upon general principles, and by the Illinois decisions, as the tax deeds appear upon their face to be clouds upon the plaintiff's title, a bill in equity is the proper form of obtaining relief upon the various grounds alleged.

*Decree affirmed.*