# THE DISTRICT OF COLUMBIA *v.* HUFTY.

TAXES; CLOUD ON TITLE; EQUITY PLEADING.

1. The grantee in a tax deed executed and delivered by the Commissioners of the District of Columbia in accordance with the terms of the act of Congress of 1877 (19 Stat. 396), takes the title discharged of the lien for unpaid taxes that may have been assessed against the land for previous years.

2. Upon the refusal of the Commissioners to cancel upon the tax records assessments for such previous years, the grantee in such a deed may maintain a bill in equity against the District to remove the cloud upon his title created by such assessments, and a demurrer to the bill is not sustainable upon the ground that the complainant has an adequate remedy at law by *certiorari*, where there is nothing in the bill to show that such assesments were irregularly made or are invalid.

3. An allegation in a bill to remove a cloud from title, that the complainant is seized in fee simple is, equivalent to an allegation of possession.

No. 788. Submitted May 18, 1898. Decided June 7, 1898.

HEARING on an appeal by the defendant from a decree granting the prayer of a bill to remove cloud from title. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. S. T. Thomas,* Attorney for the District of Columbia, and *Mr. A. B. Duvall,* Assistant Attorney, for the appellant.

*Mr. O. B. Hallam* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

The bill of the plaintiff, Malcom Hufty, to remove cloud from title alleges that he is the owner of a certain lot in the City of Washington under the following claim of title: On April 15, 1895, the Collector of Taxes of the District of Columbia sold the said lot at public auction to satisfy the

tax assessed thereon for the year ending June 30, 1894. C. A. Brandenburg was the purchaser at said sale, and received the usual certificate of purchase, which he regularly transferred to the plaintiff. The lot not having been redeemed within two years, the plaintiff demanded a deed therefor in accordance with the terms of the law. In accordance with this demand, the Commissioners of the District, on July 22, 1897, executed and delivered to the plaintiff a deed conveying the lot to him in fee simple.

At the time of the sale aforesaid there appeared on the records of the District certain assessments of taxes against said lot for the several years from 1887 to 1893, all of which were due and unpaid. These remaining on the tax records constitute a cloud upon the title of plaintiff which the defendant, although requested so to do, has refused to remove by their cancellation.

The defendant demurred to the bill because it did not show that the plaintiff was without adequate remedy at law. This was overruled and, the defendant failing to amend, decree was entered granting the prayer of the bill.

It has been held by the Supreme Court of the District, in general term, in construing the provisions of the statute which governs this case, that the grantee in a deed executed in accordance with the terms thereof, takes the title discharged of the lien for unpaid taxes that may have been assessed against the land for previous years. *Brewer* v. *District of Columbia,* 5 Mackey, 274.

The soundness of that interpretation has been conceded and it is not denied that plaintiff's title accrued in regular course of proceeding under the law.

The contentions raised on the demurrer are, that the allegations of the bill are not sufficient to confer jurisdiction in equity, because they do not show that the plaintiff is in possession of the land, or that he has not an adequate remedy at law.

The allegation of the bill is that plaintiff is the owner in

fee simple under a deed duly executed and delivered by the defendant. It has been held that an allegation that one is seized in fee simple is a sufficient allegation of possession to maintain a bill to remove cloud. *Gage* v. *Kaufman*, 133 U. S. 471. The plaintiff's allegation is equivalent thereto.

The contention that the plaintiff has an adequate remedy at law through a writ of *certiorari* to review the process of assessment is plainly untenable.

It is not necessary to determine whether any one but the owner of the property at the time of the assessment can institute a proceeding by *certiorari* to review its legality-because there is nothing in the bill gainsaying the regularity of these assessments at the time they were made, or denying the validity of the liens therefor upon the land as against the then owner. Conceding their legality and regularity, the plaintiff contends that the conveyance to him of the "good and perfect title in fee simple" required by the statute, on compliance with his purchase, vested the property in him discharged of all prior claims on behalf of the District, regardless of their validity at the time. In this he stands upon the doctrine clearly enounced in *Brewer* v. *District of Columbia, supra*, the soundness of which has been conceded.

The maintenance of the assessments for the years prior to the accrual of plaintiff's title as undischarged liens upon the lot, and the refusal to cancel them at his request, constitute a cloud upon that title, seriously affecting its market ability, and the court did not err in decreeing their cancellation.

The decree will be affirmed, with costs.          *Affirmed.*