# GOODMAN *v.* WREN.

---

EQUITY; CLOUD ON TITLE; TRUSTS AND TRUSTEES; DEEDS; EQUITY PLEADING; PARTITION.

1. An allegation that complainants are equitable owners in fee of the land is a sufficient allegation of possession to sustain a bill to remove cloud from title (following *District of Columbia* v. *Hufty,* 13 App. D. C. 175),—especially where other allegations show that all parties claim under a common source.

2. *Quære,*—whether one claiming an equitable title must be in actual possession to maintain a bill to remove cloud, or whether a partial possession is sufficient foundation therefor.

3. Where the invalidity of conveyances and devises is apparent, they do not, strictly speaking, constitute a cloud on title.

4. Where trustees to whom land has been conveyed by deed in trust for a life tenant, with remainder over, make a conveyance to the life tenant, in which their grantor joins, releasing and transferring to the life tenant "all the title" which they hold, and reciting that the conveyance to them was erroneously made, the only legal effect that the deed of release can have is to vest the naked legal title in the grantee, which upon his death will devolve upon his heirs, accompanied with the duty to convey to the remaindermen.

5. Where a bill in equity purports to be one to remove cloud from title, but its allegations make it one for the execution of a trust, that relief may be granted not only under a special prayer, if it contains one that is appropriate, but also under the prayer for general relief. (Following *Merillat* v. *Hensey*, ante, 398.)

6. While a bill for partition cannot be made the means of trying a disputed legal title (following *Roller* v. *Clarke*, 19 App. D. C. 539, s. c. 199 U. S. 541, 50 L. ed. 300, 26 Sup. Ct. Rep. 141), if the title of the complainants is equitable and they are entitled to have a trust executed, the bill is maintainable for that purpose, and also for partition.

No. 2058. Submitted February 8, 1910. Decided March 1, 1910.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, sitting as a court of equity, sustaining a demurrer to and dismissing a bill for the removal of cloud from title, and for a partition.

*Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree dismissing a bill for the removal of cloud from title, and for partition between tenants in common. Substantially, the bill is for the recovery of the land and then for partition.

The bill alleges that complainants Elmyra M. Goodman, Margaret E. Jones, and defendant Mary J. Boteler, are the equitable owners in fee simple of a lot in M street of the city

of Washington, 33 feet, 6 inches wide, and 110 feet deep; and are in possession of one half of the same. That said lot was conveyed by James Miller, on June 14th, 1856, to Murphy and Callan in trust for the use and benefit of Joanna E., Mary J., Margaret E., and Wilhelmina Miller, infant children of William Miller, deceased, with the further provision that Mary Miller, the widow of William Miller, shall have the use, occupation, and enjoyment of the property and its rents and profits during her natural life. After her death the trustees shall hold the same for the said infants, and shall convey the same to them on their coming of age, or to their heirs. Of the said children Joanna E. died intestate and without issue, in 1881. Wilhelmina married Milton Boteler and died, leaving one child, Elmyra, who is married to Alfred Goodman. Margaret E. married one Jones, who is now dead. Mary J. married Orlando D. Boteler, and both were made defendants to the bill filed by the first named. It further alleges that the beneficiary for life, Mary Miller, married John McKeon and bore two children to him, namely, Eva I. and Eliza V. McKeon. Eva I. married John A. W. Schmidt, and Eliza V. married one Wren, who afterwards died. The above, with Francis A. Schmidt, an infant child of said Eva I. Schmidt, were made defendants with Mary J. and Orlando D. Boteler. The bill further alleges that on July 2, 1858, the trustees, Murphy and Callan, executed a conveyance to Mary McKeon, reciting that the conveyance to them by James Miller had been erroneously made, wherefore, at the request of said Miller, they released and transferred to her, her heirs, and assigns "all the title which they, the said Murphy and Callan, held under the said deed to them from James Miller: To have and to hold the same unto the said Mary McKeon, her heirs, and assigns forever." The said James Miller also subscribed the said instrument. The said trustees have since died, and their heirs are unknown. It further alleges that, on August 20th, 1869, said Mary conveyed to her husband, John McKeon, the east half of said lot. That Mary McKeon died January 10, 1903, leaving a will, afterwards duly probated, in which she devised all of her estate to the com-

plainants, to Mary Boteler and to the said Eva I. Schmidt and Eliza V. Wren. That John McKeon remained in possession of the east half of the lot conveyed to him as aforesaid until his death, in 1908. That he left a will, since probated, devising said half lot to his daughters, Eliza V. Wren and Eva I. Schmidt, and his infant grandson, Francis A. Schmidt. The bill further alleges that the said pretended deeds and wills constitute a serious cloud upon the title of complainants and their sister, Mary J. Boteler, the effect of which has been to impair the market value of the property and render it impossible for the same to be sold for a fair price, for the partition of the proceeds. That the said lot cannot be divided in kind, and a sale thereof is necessary for partition among the true owners. The prayers of the bill are that the cloud of the said deed and wills may be removed, and the title declared to be in said complainants and defendant Mary Boteler; that a trustee be appointed in the place of said Murphy and Callan to convey the legal title of the said land to them; that the said land be decreed to be sold for partition; and for general relief. A demurrer to the bill was sustained, and the complainants declining to amend, the bill was dismissed.

*Mr. Edmund Burke* for the appellants.

*Mr. J. H. Ralston* and *Mr. F. L. Siddons* and *Mr. W. E. Richards* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

It appears from an opinion delivered by the learned trial justice that he was of the opinion that there was neither a sufficient allegation of title, nor of possession on the part of complainants; and that as three of the defendants were in possession of a part of the lot, the bill for partition could not be maintained.

We are of the opinion that the demurrer ought not to have

been sustained. The allegation that complainants were the
equitable owners in fee of the land was sufficient. *District of
Columbia* v. *Hufty,* 13 App. D. C. 175–177; *Gage* v. *Kaufman,*
133 U. S. 471; 33 L. ed. 725, 10 Sup. Ct. Rep. 406. Moreover,
the title under which both parties claim is set out in full, show-
ing that James Miller is the common source. Whether one
claiming an equitable title must be in actual possession to main-
tain a bill to remove cloud, or whether a partial possession is
sufficient foundation therefor, we need not decide. Strictly
speaking, the conveyances and devises under which it is alleged
the defendants set up a claim to the land do not constitute a
cloud upon the title, for their invalidity is apparent. The en-
tire title of James Miller passed out of him by the conveyance
to Murphy and Callan, trustees. Had they, and James Miller,
who also subscribed the release to Mary Miller, undertaken to
convey anything more than the mere legal title of the trustees,
still nothing more than that could have passed. Nothing what-
ever remained in James Miller after his former conveyance.
The instrument, however, did not purport to convey anything
more than the legal title of the trustees. This, alone, they re-
leased to Mary Miller, the beneficiary for life, under the original
conveyance, which they undertook to correct in breach of their
trust. It was the duty of the trustees to hold the legal title until
the death of Mary Miller, and thereafter until the coming of
age of the other beneficiaries, and when that time arrived to
convey the legal title to them. The only possible legal effect
that their release to Mary Miller and her heirs could have was
to pass their naked legal title to her, which, upon her death,
devolved upon her heirs, accompanied with the duty to convey
the same to the other beneficiaries, who were then apparently
of age.

While the bill purports to be one to remove the cloud from the
title, the allegations make it also one for the execution of the
trust by the conveyance of, or a decree vesting, the legal title in
the complainants and the defendant alike interested with them.
The facts stated in the bill justify that relief, and it may be
granted not only under the special prayer, but also under the

prayer for general relief. *Jones* v. *Van Doren,* 130 U. S. 684, 692, 32 L. ed. 1077, 1080, 9 Sup. Ct. Rep. 685; *Hopkins* v. *Grimshaw,* 165 U. S. 342–358, 41 L. ed. 739, 744, 17 Sup. Ct. Rep. 401; *Merillat* v. *Hensey,* Present Term, ante, 398.

The remaining question to which the argument has been chiefly directed is whether recovery of the land and partition of the same can be had in the same suit. · Undoubtedly, if complainants' title were legal they would have to establish it at law, before a bill for partition could be entertained. A bill for partition cannot be made the means of trying a disputed legal title. *Roller.* v. *Clarke,* 19 App. D. C. 539–545, s. c. 199 U. S. 541–545, 50 L. ed. 300, 302, 26 Sup. Ct. Rep. 141. But the complainants are not vested with a legal title. That is outstanding in the original trustees, or in the heirs of Mary McKeon; whether in one or the other is immaterial. The title of the complainants being equitable, it is well settled that they may maintain the bill to have the trust executed, and also for the partition. *Hopkins* v. *Grimshaw,* supra.

For the error in sustaining the demurrer and dismissing the bill, the decree will be reversed, with costs, and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed.*