# Lincoln F. Mostoller, Appellee, v. Harriet B. Liver, Appellant.

1. QUIETING TITLE, § 36*—*what constitutes cloud.* An inchoate right of dower constitutes a cloud in the title to real estate.

2. QUIETING TITLE, § 53*—*when bill lies to remove cloud.* A bill in equity will lie to remove a cloud on title to land resulting from the assertion of an inchoate right of dower therein, by a woman divorced from the plaintiff's predecessor in title, founded upon uncertainty of the legal effect of the divorce decree.

3. DIVORCE, § 106*—*when provision for alimony is in lieu of dower.* A divorce decree giving the divorced woman a block of bank stock and providing for the payment to her of a monthly allowance for life, or so long as she remained single, and secured by mortgage on some of the husband's real estate, *held* to be in lieu of any inchoate right of dower in other real estate of the husband.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 13, 1915. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CASSODAY, BUTLER, LAMB & FOSTER, for appellant; ERNEST O. BEST, of counsel.

BRACKEN & YOUNG and F. Y. HAMILTON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Lincoln F. Mostoller filed a bill in equity, in the Circuit Court of McLean county, representing that he was the owner in fee simple and in the actual possession of certain lands therein described in McLean county, and praying for the removal of a cloud from the title and for relief. The bill alleges a chain of title from the heirs of Thomas Snell, deceased, who in his lifetime was the owner of the said real estate. It is alleged that Thomas Thornton Snell, a son of Thomas Snell, deceased, inherited an undivided one-sixth part of said real estate from his father. At the time of Thomas Snell's death Thomas Thornton Snell was a married man, his wife being Harriet B. Snell, now Harriet B. Liver, defendant herein. After the title to the one-sixth interest had vested in Thomas Thornton Snell, Harriet B. Snell on June 27, 1908, obtained a divorce from in the Circuit Court of Elkhart county, Indiana. Subsequent to this divorce proceeding Harriet B. Snell, who was the complainant in the said divorce proceeding, intermarried with John B. Liver of Chicago. Thomas Thornton Snell also married again, and he and his second wife joined in a conveyance to Harry Snell of his interest in the said real estate in question, which he had inherited from Thomas Snell, and by various conveyances set forth in the bill the title to said real estate was vested in complainant. There is attached to the bill, and made a part of it, a copy of the decree of divorce obtained by Harriet B. Snell. The decree of the Indiana court found that Thomas Thornton Snell was possessed of real and personal property of the value of $200,000

and awarded to Mrs. Snell as alimony 125 shares of the capital stock of the St. Joseph Valley Bank of Elkhart, Indiana; the further sum of $75 per month so long as she shall live and until she remarries, said monthly payments to begin July 1, 1908, with the further sum of $40 per month for twenty-three consecutive months, said last described payments also to begin July 1, 1908; also the further sum of $60 per month for six months, said last described payments to begin October 1, 1908, and $60 per month for six consecutive months to begin with October 1, 1909. The divorce decree provided that the said payments should be secured by the defendant executing his contract therefor, and securing the same by a mortgage on certain described lands in DeWitt county, Illinois, amounting to 400 acres. The decree further recites that the parties are present in court and that the said bank stock has been delivered to the complainant, and that the defendant has executed and delivered to the defendant a mortgage securing said "alimony and payments herein ordered to be made."

Thomas Thornton Snell was, at the time the defendant obtained her divorce from him, seized of the undivided one-sixth of the real estate now owned by complainant by purchase from the Snell heirs. Mrs. Harriet B. Snell, now Liver, never joined in the execution of the deed made by Snell, her former husband. The defendant filed a general and special demurrer to the bill. The court overruled the demurrer and, the defendant abiding by her demurrer, entered a decree finding that she has not an inchoate right of dower in said land and that her claim that she has such right of dower is a cloud on the title of complainant, and decreeing that the cloud be and is removed and that complainant is the owner of the title in fee simple. The defendant appeals.

The appellant's first contention is that an oral assertion of interest is not a cloud, and that an inchoate

right of dower cannot be asserted against any one prior to the time it becomes consummated and she cannot be required to defend her right while it so remains. Appellant has an inchoate right of dower in all the real estate of which her husband was seized, when she obtained her divorce, unless that right has in some way been barred or relinquished. An inchoate right of dower constitutes a cloud on the title to real estate. *Cowan v. Kane,* 211 Ill. 573. The bill alleges that because of the claim of appellant the market value of appellee's said land is greatly depreciated and he is prevented from making sale of the same. If the decree of the Elkhart Circuit Court is so uncertain that the parties affected by it construe it differently and it, in fact but not in terms, is a bar to the inchoate right of dower of appellant, then appellee is entitled to have the uncertainty of such decree made certain and to have such pretended claim, which is a cloud, removed. Equity will not permit appellant, if she in fact has no inchoate right of dower, to depreciate the market value of appellee's land by making a false claim that she has such right. To deny the right to have such a cloud removed would be to permit and assist the appellant to extort from appellee compensation for relinquishing a pretended claim, when in fact she has no claim or interest. We see no good reason why the bill cannot be maintained.

The remaining question is, has appellant an inchoate right of dower in the described land? Appellee insists that the allowance of alimony made by the Indiana court was in lieu of dower in the real estate then owned by him.

When the divorce decree was rendered, the parties were both present in court and from the recitals in the decree, so far as alimony is concerned, it appears to have been an agreed decree although it does not so recite. Alimony was ordered paid to Mrs. Snell monthly "so long as the plaintiff shall live and until

she remarries." The defendant in the divorce proceeding was ordered to execute a mortgage on land in DeWitt county, Illinois, to secure a contract for the payment of the several sums of money directed to be paid to appellant. Snell did deliver to Mrs. Snell in open court the bank stock in accordance with the terms of the decree and executed a mortgage upon 400 acres of land in DeWitt county, Illinois, "securing a contract executed by the defendant in open court with the plaintiff for the payment of the alimony above found."

The decree in the Elkhart Circuit Court is similar to the decree in *Storey v. Storey*, 125 Ill. 608, construed in *Adams v. Storey*, 135 Ill. 448. The payment of the alimony decreed did not terminate necessarily with the life of Thomas Thornton Snell. It only terminated with her life unless she married again, in which event it would terminate at that time. If appellant remained unmarried the payment of the $75 per month remained a charge on the 400 acres of land until appellant's death. There was a similar provision in the *Storey* case, *supra*. The defendant in that case executed a bond for the payment of the annual allowance to Mrs. Storey so long as she shall live and remain unmarried. Mrs. Storey after the death of her divorced husband sought to have dower awarded in the real estate he possessed at the time of the divorce. The court said, where after a divorce in favor of a wife, by consent of both parties an annual allowance was decreed and secured by a lien on certain real estate of the husband and also by his bond and deed of trust upon the same real estate, it would be presumed that the allowance was in lieu of dower and held that she was not entitled to dower. The only distinction between the *Storey* case and this case is that in the case at bar appellant has remarried in the lifetime of her first husband and her right to the monthly payments has been terminated by her own act, while in the *Storey* case Mrs. Storey remained

single and collected her annual allowance not only up to the time of his death but for some time thereafter. The same principal however is involved and we must hold that appellant has not an inchoate right of dower in the real estate that her divorced husband possessed when the divorce was granted, for the reason that the decree gave her a lump sum, i. e., the bank stock and a monthly allowance that would extend and could be collected beyond the lifetime of Snell, provided she survived him and remained unmarried. The decree is therefore affirmed.

*Affirmed.*