## WIGGINS v. MAYER.

Court of Appeals of District of Columbia.
Submitted October 5, 1927. Decided
November 7, 1927.

### No. 4599.

Executors and administrators ⬅519(1)—Surplus from sale of deceased's real estate held assignable to domiciliary administrator for payment of debts before distribution to heirs (Code, §§ 146, 329).

Under Code, § 146, *held*, that domiciliary administrator, who, pursuant to section 329, had himself appointed ancillary administrator, was entitled to have surplus from sale of real estate distributed to himself as domiciliary administrator, as assets to be applied to payment of decedent's debts rather than have such surplus distributed to heirs at law of deceased.

Appeal from the Supreme Court of the District of Columbia.

Ralph A. Mayer, ancillary administrator of the estate of Samuel G. Thompson, deceased, filed an administration account, to which Flossie L. Wiggins excepted. From order overruling her exceptions, Flossie L. Wiggins appeals. Affirmed.

A. D. Washington, of Washington, D. C., for appellant.

W. J. Lambert, R. H. Yeatman, and May T. Bigelow, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from an order of the Supreme Court of the District of Columbia, sitting as a probate court, overruling certain exceptions of the appellant to an administration account filed by appellee therein.

The record discloses that on February 4, 1924, one Samuel G. Thompson, a resident of Wayne county, Michigan, departed this life intestate; that the appellee, Ralph A. Mayer, was duly appointed and qualified in Wayne county as administrator of decedent's estate, and was afterwards also appointed and qualified in the District of Columbia as ancillary administrator of the same estate; that thereupon, as ancillary administrator, he filed a petition in the probate court of the District, alleging that decedent at the time of his death was indebted in certain stated sums to various residents of the District, which debts were yet unpaid; that the personal estate of decedent was insufficient to pay the debts of the estate; that decedent at the time of his death was the owner of certain real estate situate within the District of Columbia, and was not the owner of any other real estate, and prayed that the court should order a sale of the real estate located within the District for the payment of decedent's debts. After due proceedings the real estate in question was sold, the debts owing to residents of the District of Columbia were fully paid, and there remained in the hands of the ancillary administrator the sum of $893.10, which sum the ancillary administrator entered in his account as distributable to himself as domiciliary administrator, as assets of decedent's estate for administration under the jurisdiction of the probate court of Wayne county, Michigan.

Thereupon the appellant, Flossie L. Wiggins, a daughter and heir at law of the decedent, filed exceptions to that item of the account, claiming that the proceeds aforesaid remaining after the payment of the debts owing to residents of the District of Columbia should be distributed by the ancillary administrator to the heirs at law of the deceased, and not transferred to the domiciliary administrator for use in the administration of the estate in Michigan. These exceptions were duly heard, and were overruled, and from that order the present appeal was taken.

We think the order of the lower court was correct. Section 146, D. C. Code, provides that the probate court shall have plenary authority to administer the real estate of the deceased situate in the District of Columbia, so far as may be necessary for the payments of debts and legacies, and to distribute among those entitled thereto any surplus proceeds of any sale of real estate made in the course of such administration: Provided that no such sale shall be made unless the same be required for the purpose of paying debts and such legacies as are chargeable upon the real estate, nor until the auditor of the court shall have ascertained and reported such debts and legacies, the deficiency of personal assets, and the real estate necessary to be sold for the payment of debts and legacies. It appears from the record that the requirements of the proviso were fully complied with in the probate court.

Under section 329, D. C. Code, the domiciliary administrator, as such, might have been permitted to pursue such a remedy by the probate court of the District, or might apply for the appointment of an ancillary administrator for the same purpose. He pursued the latter course, and was himself

appointed as ancillary administrator, and in that capacity procured the sale of decedent's real estate now in question. But, regardless of the practice pursued, when the real estate of an intestate is sold in administration proceeding in the District of Columbia for the payment of his debts, there can be no distribution of any part of the proceeds among his heirs or next of kin under the laws of the District, until after the payment of all of the estate's debts. The provision for "debts and legacies" contained in section 146, supra, is not limited in terms or intention to such only as are payable to residents of the District. There can be no true "surplus" for distribution among beneficiaries until after the satisfaction of all lawful debts of the estate.

It is disclosed by the record that claims against decedent's estate have been presented and allowed by the domiciliary administrator in Michigan far in excess of the total assets of the estate, including the sum here in question, and that the estate is actually insolvent. A lawful administration of the estate requires that the assets shall be applied to the payment of all decedent's lawful debts, before any part thereof shall go to any one by inheritance.

The order of the lower court is affirmed, with costs.