**In re Lula Mae TYREE, et al., Appellants.**

No. 84–1343.

District of Columbia Court of Appeals.
Argued April 10, 1985.
Decided May 31, 1985.

Innokenty Tolmachoff, Jr., Washington, D.C., for appellants.

Before NEBEKER, NEWMAN and TERRY, Associate Judges.

TERRY, Associate Judge:

This is an appeal from the denial of a motion for relief from judgment under Super.Ct.Civ.R. 60(b). We hold that the court abused its discretion in denying the motion because it had erroneously dismissed the case for failure to state a claim upon which relief could be granted. We therefore reverse.

I

In 1951 Samuel F. Tyree died intestate, survived by the three children of his first marriage, Charles, Esther, and Samuel, Jr., by his second wife, Lula Tyree, and by the two children of his second marriage, Alice and Sarah. At the time of his death, Mr. Tyree was the owner of a town house on Twelfth Street, N.W., which he had purchased in 1922. By operation of law, the town house descended to Lula Tyree and the five children as Samuel Tyree's heirs. D.C.Code §§ 18–101, 18–201 (1951);[1] see

---

1. See D.C.Code § 18–810 (1951) ("This chapter shall apply to the estates of all persons dying

after June 24, 1949"). The intestate succession statutes in the 1951 code were not amended

*Cunningham v. Rodgers,* 50 App.D.C. 51, 53, 267 Fed. 609, 611 (1920), *aff'd,* 257 U.S. 466, 42 S.Ct. 149, 66 L.Ed. 319 (1922); V. MERSCH, PROBATE COURT PRACTICE IN THE DISTRICT OF COLUMBIA §§ 134, 281–302 (2d ed. 1952). Lula Tyree and her two daughters continued to live in the town house until 1954. From 1954 until 1961 Esther Tyree Callis and her husband lived there. Since that time Samuel Tyree, Jr., has managed the town house as rental property, with the agreement of Lula Tyree and the other children.

In February 1984 Lula Tyree and the other heirs [2] filed a civil action in the Superior Court to quiet title, based on a claim of adverse possession, under D.C.Code § 16–3301 (1981).[3] In their complaint they alleged that they held title to the property as Samuel Tyree's heirs, but that Samuel Tyree remained the owner of record.[4] They sought a judgment declaring them to be the lawful owners, so that the land records might be amended to reflect the change in ownership. The trial court, however, entered an order directing appellants to show cause why the action should not be dismissed and filed instead in the Probate Division. Appellants responded with a memorandum in which they contended that their cause of action was valid because section 16–3301 did not expressly preclude it.

About a month later the court entered an order dismissing the case without prejudice. The court ruled that appellants had failed to comply with D.C.Code § 16–3301, which requires that notice be given to defendants, whether identifiable or unknown, either by personal service or by publication. Appellants then filed a motion under Super. Ct.Civ.R. 15(a) to amend their complaint by adding any unknown heirs as defendants. In a memorandum in support of the motion, appellants noted that section 16–3301 expressly provides that "it is not necessary to make any person a party defendant except those persons who appear to have a claim or title adverse to that of the plaintiff." They explained that they believed that all persons having a claim to title were named as plaintiffs, and therefore there was no need to include any defendants in the case. Nevertheless, they were willing to amend the complaint to avoid dismissal and argued that leave to amend should be granted because there was "no good reason" to deny it, citing *Bennett v. Fun & Fitness of Silver Hill, Inc.,* 434 A.2d 476, 478 (D.C. 1981).

On May 10 the trial court denied the motion to amend, reiterating its belief that the estate should be opened and distributed according to the applicable law of intestate succession. The court drew counsel's attention to D.C.Code § 20–105 (1981), dealing with the devolution of property at death. Appellants then filed on June 25 a motion under Super.Ct.Civ.R. 60(b)(1) to reconsider the May 10 order. They pointed out that section 20–105 was applicable only to cases in which the decedent died after 1980. They also restated their belief that they had set forth a *prima facie* case and were entitled to relief under D.C.Code § 16–3301, and that there was therefore no need to probate the estate. Finally, they maintained that if the proper remedy was to open the estate, the court should have transferred the case to the Probate Division instead of dismissing it, citing *Andrade v. Jackson,* 401 A.2d 990 (D.C.1979).

The court denied the motion for reconsideration. It ruled that because title to the

---

until after Samuel Tyree's death. *See* D.C.Code §§ 18–101, 18–201 (1957).

**2.** Charles Tyree, who died in 1968, is represented in this action by Carolyn T. Holland, his only child. The other appellants are Lula Tyree and the four surviving children of Samuel Tyree.

**3.** Section 16–3301 sets forth procedures to be followed in an action to quiet title based on a claim that title has vested by adverse possession. There is no code provision governing actions to quiet title based on other types of claims.

**4.** An abstract of the land records prepared by a title company states that the record title is vested in the "[u]nknown heirs-at-law and next of kin of Samuel F. Tyree, deceased."

property had vested in appellants by operation of law upon the death of Samuel Tyree, "further judicial action in this matter [was] unnecessary." This appeal followed.

## II

■■■ A motion for relief from judgment, filed under Super.Ct.Civ.R. 60(b), is entrusted to the trial court's discretion. The court's ruling on such a motion will be overturned only if that discretion has been abused. *Brady v. Fireman's Fund Insurance Cos.*, 484 A.2d 566, 568 (D.C.1984); *Mewborn v. United States Life Credit Corp.*, 473 A.2d 389, 391 (D.C.1984); *Wrecking Corp. of America, Virginia, Inc. v. Jersey Welding Supply, Inc.*, 463 A.2d 678, 679 (D.C.1983). Appellants contend that the court abused its discretion by refusing to vacate its order dismissing the complaint for failure to state a claim upon which relief could be granted.[5]

■■■ The Supreme Court has stated the rule which governs our disposition of this case: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote omitted); *accord, e.g., Perry v. District of Columbia*, 474 A.2d 824, 826 (D.C.), *cert. denied,* —— U.S. ——, 105 S.Ct. 61, 83 L.Ed.2d 12 (1984). Although the trial court

here was correct in its conclusion that no relief could be granted under D.C.Code § 16–3301 (1981),[6] it failed to recognize that the complaint did state a claim based on the court's general equity powers.[7]

■■■ The Supreme Court has held that the power to quiet title is inherent in every court of equity:

As the complainants have the legal right to the premises in controversy, and as no parties deriving title from the former owners can contest that title with them, there does not seem to be any just reason why the relief prayed should not be granted. Such relief is among the remedies often administered by a court of equity. It is a part of its ordinary jurisdiction to perfect and complete the means by which the right, estate or interest of parties, that is, their title, may be proved or secured, or to remove obstacles which hinder its enjoyment.... The form of the remedy will vary according to the particular circumstances of each case.

*Sharon v. Tucker*, 144 U.S. 533, 544, 12 S.Ct. 720, 722, 36 L.Ed. 532 (1892) (citation omitted). In the District of Columbia, an action to quiet title may not be dismissed for failure to state a claim when the complaint alleges, as appellants' complaint does, that the plaintiffs are the owners of the land in fee simple. *Goodman v. Wren*, 34 App.D.C. 516, 519–520 (1910); *District*

---

5. A motion for reconsideration asserting that the court committed an error of law will ordinarily be regarded as a motion under Super.Ct. Civ.R. 59(e) to alter or amend a judgment if it is filed within ten days from the date on which the judgment or order was entered. *E.g., Capozio v. American Arbitration Ass'n*, 490 A.2d 611, 614 n. 5 (D.C.1985); *Wallace v. Warehouse Employees Union*, 482 A.2d 801, 804 (D.C.1984). However, when the motion is filed after the ten days have expired, as in this case, it will be treated as a motion for relief from judgment under Super. Ct.Civ.R. 60(b). *Wallace, supra,* 482 A.2d at 805 & n. 13. "The nature of a motion is determined by the relief sought, not by its label or caption." *Id.* at 804 (citations omitted).

6. Section 16–3301 applies only to cases in which "title to real property in the District of Columbia

has become vested in a person by adverse possession...." A person may acquire title by adverse possession when there is, among other things, "[o]pen and continuous use of *another's land....*" *Kogod v. Cogito,* 91 U.S.App.D.C. 284, 286, 200 F.2d 743, 745 (1952) (emphasis added), quoted in *Gary v. Dane,* 133 U.S.App.D.C. 397, 399, 411 F.2d 711, 713 (1969). In this case there is nothing in the record to suggest that anyone other than the six appellants has any interest whatsoever in the property. There is no showing of adversity, and hence no valid claim of adverse possession. *See Harvey v. Miller,* 24 App.D.C. 51, 53 (1904).

7. The Superior Court has jurisdiction over any civil action at law or in equity. D.C.Code § 11–921(a) (1981). .

*of Columbia v. Hufty,* 13 App.D.C. 175, 177 (1898); *see Gage v. Kaufman,* 133 U.S. 471, 472, 10 S.Ct. 406, 406, 33 L.Ed. 725 (1890). It has sometimes been said that the complaint must also allege that the plaintiffs are in possession of the land. *See* 4 J. POMEROY, A TREATISE ON EQUITY JURISPRUDENCE §§ 1396, 1399 (5th ed. 1941). We need not decide whether this is a requirement, however, because the case law already provides "that an allegation that one is seized in fee simple is a sufficient allegation of possession to maintain [a] bill to remove a cloud." *District of Columbia v. Hufty, supra,* 13 App.D.C. at 177 (citation omitted). When actual possession of the land is held by a tenant of the person or persons claiming title, as in this case, that possession is sufficient to enable the putative owner to maintain an action to quiet title. *See* 65 AM.JUR.2D *Quieting Title* § 42 (1972).

■ If there is some writing which appears to cast doubt on the validity of a recorded title, that writing must itself be legally valid before an action to quiet title may be based upon it. *E.g., Welden v. Stickney,* 1 App.D.C. 343, 349 (1893) (when a deed "is utterly void as against the complainant, [it] cannot, in the legal sense of the term, constitute a cloud upon the complainant's title"); *see Goodman v. Wren, supra,* 34 App.D.C. at 520 ("the conveyances and devises under which it is alleged the defendants set up a claim to the land do not constitute a cloud upon the title, for their invalidity is apparent"). However, when the title to property has vested by operation of law, as in the case of land descending by intestacy, even a mere oral assertion of rights to inheritance may constitute a cloud and give rise to an action to quiet

title. *See Krile v. Swiney,* 413 Ill. 350, 353, 109 N.E.2d 189, 191 (1952). *See also* 65 AM.JUR.2D *Quieting Title* § 11 (1972); Annot., 78 A.L.R. 24, 262–263 (1932).

■ In this case appellants allege that they are the owners of the town house in fee simple and that they are currently maintaining it as rental property, but that the land records do not accurately reflect their ownership. These allegations are sufficient to state a claim in an action to quiet title. Until the land records are amended to reflect that appellants are the true owners of the town house, their right to enjoyment of the property is endangered by the possibility that others in the future may claim to be unknown heirs of Samuel Tyree. While there is no present evidence of any assertion of a claim to the land by someone other than these appellants, that fact does not bar their suit. Since they "have the legal right to the premises ... [and] no parties ... can contest that title with them, there does not seem to be any just reason why the relief prayed should not be granted." *Sharon v. Tucker, supra,* 144 U.S. at 544, 12 S.Ct. at 722.

■ We therefore conclude that the court erred in dismissing the complaint. Furthermore, because it is clear that the court had no valid reason for denying the motion for reconsideration, we hold that it abused its discretion in so doing. *See Johnson v. United States,* 398 A.2d 354, 364 (D.C.1979). We reverse the order from which this appeal is taken and remand the case with directions to reinstate the complaint.[8] On remand, appellants shall be entitled to a judgment declaring them to be the owners of the property if they prove

---

**8.** We reject appellants' other claim that the court erred in failing to transfer their case to the Probate Division in accordance with *Andrade v. Jackson, supra.* The Probate Division has no jurisdiction over real property which descends by operation of law under the intestate succession statutes unless that property must be

sold in order to pay the estate's debts. *See* D.C.Code §§ 18–607, 18–609 (1951); *Wiggins v. Mayer,* 57 App.D.C. 293, 22 F.2d 869 (1927). In this case ownership of the property passed by intestate succession, and the statute of limitations for filing claims against the estate has long

that the decedent died intestate and that they are his sole heirs.[9]

*Reversed and remanded.*

since expired. *See* D.C.Code §§ 18–515, 12–201, 12–202 (1951).

**9.** Appellants may effect service of process on any unknown heirs under D.C.Code § 13–336 (1981), which provides for service by publication. We express no opinion on the individual rights of the appellants among themselves under D.C.Code §§ 18–101 and 18–201 (1951).